19 F.3d 1433
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert S. MOORE, Petitioner-Appellee,
v.
Jim ROSE, Warden, Turney Center Prison, Respondent-Appellant.
 No. 93-5508.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 Before: GUY and SILER, Circuit Judges; and CHURCHILL, Senior District Judge.*
 PER CURIAM.
 
 
 1
 The respondent appeals the district court's granting of a writ of habeas corpus, contending that the petitioner abused the writ on two grounds: (1) he failed to demonstrate cause as to why the specific ground warranting relief in this writ was not presented in his previous writ; and (2) he failed to show actual prejudice resulting from the alleged constitutional violation. The respondent also asserts that the district court erred in granting a delayed appeal instead of a conditional writ. For the following reasons, we reverse and remand.
 
 I.
 
 2
 The petitioner, Robert S. Moore, was convicted on March 2, 1983, of first-degree murder, assault with the intent to commit murder, and the use of a firearm during the commission of a felony. He was sentenced to life in prison on the murder charge and to concurrent terms of imprisonment on the other charges.
 
 
 3
 On direct appeal, Moore contended that there was insufficient evidence of premeditation to support a first-degree murder conviction and that the trial court's jury instructions were erroneous. The appellate court noted that Moore's trial counsel had failed to file a complete copy of the trial transcript. The volume that Moore's counsel had failed to file contained Moore's proof in defense, as well as the state's rebuttal proof, and the trial court's jury charge. The Court of Criminal Appeals affirmed Moore's conviction on April 29, 1985, and the Tennessee Supreme Court denied his application for permission to appeal.
 
 
 4
 On March 7, 1986, Moore filed a post-conviction petition with the Court of Criminal Appeals. In affirming its prior judgment, the court observed that Moore contended that his appellate counsel on direct appeal "failed to provide this Court with the entire record so that this Court could adequately review" the trial court's jury charge.
 
 
 5
 Moore filed a petition to rehear in the Tennessee Court of Criminal Appeals. This petition concerned a review of a tape of the trial court's jury instruction on malice. This petition was denied.
 
 
 6
 Moore then filed an application for permission to appeal with the Tennessee Supreme Court. Moore's counsel argued that Moore's trial counsel "on direct appeal, failed to provide the Court of Appeals the entire record so that an adequate review of his case could be made. [Moore] submits that in these instances he was denied effective assistance of counsel." On December 5, 1988, the Tennessee Supreme Court denied Moore's application.
 
 
 7
 Moore, on January 17, 1989, then filed his first habeas petition in federal court. Moore raised several claims of ineffective assistance of counsel, but no reference was made to his appellate counsel's failure to file a complete appellate record. The court concluded that some of Moore's claims were unexhausted, but permitted Moore to abandon his unexhausted claims and to present his exhausted ones. Moore then submitted an amended petition,[1] which the court dismissed on May 1, 1989.
 
 
 8
 Moore then filed a second petition for post-conviction relief in state court. He appealed the dismissal of that petition to the Court of Criminal Appeals, which affirmed the judgment. On July 30, 1990, the Tennessee Supreme Court denied the petitioner's application for permission to appeal.
 
 
 9
 On September 13, 1990, Moore filed the instant petition for writ of habeas corpus. In this second petition, Moore claimed: (1) that the state trial court's jury instructions about presumed malice for murder and the range of punishment violated his rights to due process under Sandstrom v. Montana, 442 U.S. 510 (1979); (2) that he received ineffective assistance of counsel in his state criminal proceeding; (3) that the state courts erroneously found that Moore waived any objections to the trial court's jury instructions; and (4) that admission of certain evidence violated his due process rights.
 
 
 10
 On March 23, 1992, Moore moved to amend his petition to add to his ineffective assistance of counsel claim the following as a specific ground of relief:
 
 
 11
 1. That Petitioner's original trial counsel was ineffective, as discussed in Entsminger v. Iowa, 386 U.S. 748 (1967), in that original trial counsel's failure to file a full and complete transcript deprived Petitioner of the right to ineffective [sic] appellate review of his 1983 murder conviction.
 
 
 12
 The respondent opposed this motion to amend on the grounds that it was an abuse of the writ.
 
 
 13
 The magistrate judge[2] recommended that Moore's motion be granted and that his application for a writ of habeas corpus be denied except as to the claim relating to his counsel's failure to file a complete record on his direct appeal. As appropriate relief, the magistrate judge recommended a delayed appeal of Moore's original conviction upon a complete record.
 
 
 14
 The respondent filed objections to the magistrate judge's report. The district court, however, agreed with the report and recommendation and adopted it. The court then granted Moore a delayed appeal.
 
 II.
 
 15
 This is Moore's second petition for writ of habeas corpus in which he claims ineffective assistance of counsel. In his first petition, however, he did not refer to his trial counsel's failure to file a complete record on his direct appeal. In McCleskey v. Zant, 499 U.S. 467 (1991), the Supreme Court held that the standard for determining whether there was abuse of the writ would be the same as that governing procedural default. 499 U.S. at 493. Thus, in order for us to excuse Moore's failure to raise this ground in his first petition, he must show cause and prejudice.
 
 
 16
 The district court found that Moore's counsel's failure to file a complete transcript on appeal established sufficient cause under McCleskey,[3] and that under Evitts v. Lucey, 469 U.S. 387 (1985), this was a violation of Moore's Sixth Amendment right to effective assistance of counsel and his right to due process of law under the Fourteenth Amendment. The violation of these rights, the court held, constituted prejudice. The court also found that "[t]he cause and prejudice established to preclude any abuse of the writ by the petitioner also entitled the petitioner to the writ of habeas corpus on his Sixth Amendment claim of ineffective assistance of counsel."
 
 
 17
 The respondent contends that the district court erred in finding that Moore had demonstrated cause and prejudice so as to excuse his failure to earlier raise this issue.[4] Specifically, the respondent argues that the court erred in going directly to the merits of Moore's claim rather than determining whether he had established some cause external to his defense sufficient to excuse his failure to raise this issue in his first habeas corpus petition. We review de novo a district court's decision in a habeas corpus case, but we review factual findings under a clearly erroneous standard. Levine v. Torvik, 986 F.2d 1506, 1512 (6th Cir.), cert. denied, 113 S.Ct. 3001 (1993).
 
 
 18
 In its opinion, the district court summarized the magistrate judge's report and recommendation. In doing so, the court restated the magistrate judge's findings of cause and prejudice as they relate to the state procedural default; however, the court then used these findings to rebut the respondent's contention that there had been an abuse of the writ. Thus, the respondent is correct in stating that the district court never considered any external causes that would have excused Moore's failure to raise this issue in his first habeas petition. Nevertheless, the district court did adopt the magistrate judge's report, and, because he addressed this issue, we will look to the magistrate judge's report for guidance.
 
 
 19
 As to why Moore did not raise this ground for habeas relief in his earlier petition, the magistrate judge stated:
 
 
 20
 Moore did not become aware of the absence of the complete trial record at least as to the jury charge until after his direct appeal. Moore's new counsel filed the missing transcript in Moore's first post-conviction proceeding that was prior to his filing the first federal petition for habeas relief. Moore, however, states that the transcript again was not filed and the reference to the missing transcript was in reference [to] the record [in the] Court of Appeals' decision to the trial court's jury charge. In his first federal petition, Moore was proceeding pro se. Moore, who has a tenth grade education, filed a mixed petition that was cured only by the aid of the Court identifying Moore's exhausted and unexhausted claims. On these facts and from the fundamental rights implicated by the second petition, the Magistrate Judge concludes that cause exists to preclude a finding of abuse of the writ here.
 
 
 21
 The respondent counters that once the matter went up on direct appeal, Moore knew the complete transcript was not there. When asked about the missing volume, Moore testified:
 
 
 22
 Well, when the trial was over and they made the transcript, it never did make it onto to the Appeals Court or the Supreme Court, and I questioned that--as to where it was at. They said, there's no record of this. And I said, well, wonder where the record is at. I'm ignorant to the facts, you know, of what goes on in the courtroom, and I wondered where it was at.
 
 
 23
 So we went back on the first post-conviction and I didn't notice whether the state had it or not, I didn't notice whether they had it down there or not. So we went into the Appeals Court again with no record.
 
 
 24
 And went up and fixed the second post-conviction, I presented a copy of this, it's in the second post-conviction transcript on page two. We presented it to the Judge, he recognized it, said it was all right, and he would accept it as--as the original.
 
 
 25
 And when I got to the Appeals Court again it still wasn't there, after we give them a copy of it down there, it still wasn't up there. So I don't know what took place with it.
 
 
 26
 Moore's testimony is less than clear. It appears that when he filed his second post-conviction petition, he gave a complete copy of the record to the court, but this occurred after his first habeas petition had been filed.
 
 
 27
 Nevertheless, the critical question is at what point in time did Moore become aware of the missing volume and its contents. Although the record indicates that Moore had knowledge that the trial transcript was missing fairly early, it is unclear as to when he learned that the missing volume also contained his proof in defense. Because the respondent has failed to show that the magistrate judge's finding in this regard was clearly erroneous, we are unable to reverse on this issue.
 
 
 28
 As to whether Moore had established the requisite prejudice, once again we refer to the magistrate judge's report and recommendation. The magistrate judge found:
 
 
 29
 Evitts holds that a defendant's counsel who fails to file a complete record for an appeal, deprives the defendant of his Sixth Amendment right to effective assistance of counsel and his right to due process of law under the Fourteenth Amendment. The Magistrate Judge concludes that the loss of such fundamental rights likewise constitutes prejudice under the McCleskey test for abuse of the writ.
 
 
 30
 In Maupin v. Smith, 785 F.2d 135 (6th Cir.1986), this court was faced with the issue of whether the petitioner's trial counsel's failure to move for a directed verdict at the close of all the evidence, as required by state law, constituted "prejudice." The Maupin court described three factors to guide this inquiry: (1) it must be clear that the prejudice was the result of an alleged constitutional violation and not a result of the trial counsel's failure to meet state procedural guidelines; (2) the burden is on the petitioner to show that he was prejudiced by the alleged constitutional error; and (3) in analyzing a petitioner's contention of prejudice, the court should assume that the petitioner has stated meritorious constitutional claims. Id. at 139. After applying these guidelines, the court found that Maupin had been prejudiced. Id. at 140. Nevertheless, the court then went on to consider the merits of his claim. Because the alleged error by Maupin's trial counsel did not warrant setting aside his conviction, the court refused to grant the requested relief. Therefore, under Maupin, even if we were to find that Moore's claim of prejudice is cognizable, we would still have to determine whether his underlying claim of error has merit.
 
 
 31
 Here, the district court and the magistrate judge found that because Moore's counsel failed to file a complete record, Moore was denied effective assistance of counsel under Evitts. The court then determined that this constituted prejudice sufficient to excuse his abuse of the writ. The government correctly contends, however, that the district court never determined whether Moore's counsel's error prejudiced the outcome of his direct appeal--the district court never considered the merits of Moore's claim. Moreover, because the record as it stands before us is not complete, we are unable to answer this question ourselves, and we must vacate and remand this case for further consideration of this issue.
 
 
 32
 The situation is not like that in Entsminger in which the reviewing court received no evidence. Resolution of the issue will require a determination of the extent to which the content of the unfiled transcript impacts upon the issues originally raised on direct appeal. We note that while ordinarily the sufficiency of the evidence to sustain a conviction may be determined from the prosecution's case-in-chief, it does not follow that evidence offered by the defendant in rebuttal could not bear on the issue.
 
 
 33
 Although we reverse the district court's granting of a writ of habeas corpus because the district court may still decide to grant the writ, we now turn our attention to the appropriate form of relief. The district court granted Moore a delayed appeal pursuant to Tenn.Code Ann. Sec. 40-30-120. This section provides that when a trial judge conducting a post-conviction hearing determines that a petitioner was denied his right to an appeal from his original conviction in violation of the Constitution of the United States or the Constitution of Tennessee, the trial judge may grant the petitioner a delayed appeal.
 
 
 34
 The respondent counters that a federal court may not directly order a delayed appeal, but rather the appropriate remedy is to grant a conditional writ. We agree. In Fay v. Noia, 372 U.S. 391, 430-31 (1963), the Court observed:
 
 
 35
 Habeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power; it cannot revise the state court judgment; it can act only on the body of the petitioner.
 
 
 36
 In Evitts, the petitioner's counsel failed to file a statement of appeal, which resulted in the dismissal of petitioner's appeal. 469 U.S. at 389-90. Upon finding that the petitioner was denied the effective assistance of counsel on his first appeal as of right, the district court granted a conditional writ of habeas corpus ordering the petitioner's release unless the state either reinstated his appeal or retried him. Id. at 390. Similarly, we find the appropriate form of relief is the conditional granting of the writ of habeas corpus ordering Moore's release on the murder conviction unless the State of Tennessee grants him a delayed appeal.
 
 
 37
 If on remand the district court should enter an order conditionally granting the writ, the order should provide that the Tennessee Court of Criminal Appeals must establish within 90 days of the entry of the order (or within 90 days of the issuance of our mandate should the order be appealed and affirmed) that it will entertain a delayed appeal.
 
 
 38
 REVERSED and REMANDED.
 
 
 
 *
 Honorable James P. Churchill, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Moore's amended petition included the following claims: (1) the state's proof on premeditation was insufficient and in violation of his due process rights, and (2) he was denied his Sixth Amendment right to effective assistance of counsel. Moore's ineffective assistance of counsel claim included numerous specific acts, such as his counsel's failure to inform him of a plea bargain offer; to visit the murder scene; to interview witnesses for the prosecution; to test the murder weapon; to explore possible uses of favorable medical or scientific proof; to call character witnesses; to object to testimony about a previous charge against him that had been determined; to object to the prosecutor's expression of his personal opinion; to object to the trial court's instructions on premeditation; and to request the court to instruct the jury on the range of permissible punishment
 
 
 [2]
 Moore's petition for writ of habeas corpus was referred to a magistrate judge by the district court
 
 
 [3]
 The district court stated:
 Under McCleskey, the petitioner must show cause for failing to raise the issue of counsel's failure to file a complete appellate record and prejudice therefrom. A counsel's failure to file the complete transcript for state appellate review has been held to constitute ineffective assistance of counsel. Entsminger v. Iowa, 386 U.S. 748 (1967)[.]
 The petitioner established cause under the McCleskey standard due to his attorney's failure to file the complete transcript in the state appellate courts.
 
 
 [4]
 On appeal the respondent no longer contests the magistrate judge's findings of cause and prejudice as they relate to a procedural default