**Robert S. MOORE, Petitioner–Appellant,**

v.

**Howard CARLTON, Warden,
Respondent–Appellee.**

No. 95–5126.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 7, 1995.

Decided Jan. 29, 1996.

Certiorari Denied March 18, 1996.
See 116 S.Ct. 1287.

Gregory Dale Smith (argued and briefed), Clarksville, TN, for petitioner-appellant.

Amy L. Tarkington (argued and briefed), Criminal Justice Div., Kimberly J. Dean, Asst. Attys. Gen., Civ. Rights and Claims Div., Nashville, TN, for respondents-appellees.

Before: SILER and MOORE, Circuit Judges; FORESTER, District Judge.[*]

SILER, Circuit Judge.

Robert Moore, petitioner, appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He argues that his appellate counsel's failure to file a complete trial transcript prejudiced his direct appeal and that there was insufficient proof of premeditation to support a first degree murder conviction. For the reasons stated herein, we affirm the decision of the district court.

## I.

In 1983, Moore was convicted and sentenced to life imprisonment for first degree murder, assault with the intent to commit murder, and use of a firearm during the commission of a felony. The Tennessee Court of Criminal Appeals affirmed his convictions, and the Tennessee Supreme Court subsequently denied his petition to appeal. After Moore filed a post-conviction petition, the Tennessee Court of Criminal Appeals again affirmed and later denied his petition for a rehearing. For a second time, the Tennessee Supreme Court denied Moore permission to appeal.

Moore filed a petition for a writ of habeas corpus in the district court in 1989. After amending his petition to delete his unexhausted claims, Moore retained two claims: 1) ineffective assistance of counsel; and 2) insufficient proof of premeditation. The district court found his claims meritless and denied relief. Moore went back through the state courts with his second petition for post-conviction relief. Having failed a third time

in the state courts, he filed this petition in 1992. The magistrate judge found all claims to be meritless except his claim of ineffective assistance of counsel. Even though the ineffective assistance of counsel claim had not been raised in the first petition for the writ, the magistrate judge nevertheless found "cause" and "prejudice," excusing the abuse of the writ and warranting a delayed appeal pursuant to Tenn.Code Ann. § 40–30–120. The district court adopted the magistrate judge's recommendation and granted the writ on the claim of ineffective assistance of counsel for failure to file a complete record on direct appeal. The missing portion of the record contained the defense's proof, the state's rebuttal proof, and the trial court's jury charge.

The respondent [1] appealed to this court, which reversed the district court's grant of the writ and order of a delayed appeal. In *Moore v. Rose*, 1994 WL 102958 (6th Cir. 1994) (unpublished), this court remanded the case to the district court to determine if the constitutional error of ineffective legal assistance "prejudiced" Moore's appeal. This court also noted that if the district court were to grant relief, the appropriate form is a *conditional grant* of the writ of habeas corpus ordering Moore's release unless the state grants him a delayed appeal. On remand, the district court found the failure to file a complete record to be harmless error. The district court rejected Moore's claims of ineffective assistance of counsel and insufficient proof of premeditation. The court below stated, "... even if the Tennessee Criminal Court of Appeals had considered the missing portion of the trial transcript containing [Moore's] proof, it would not have changed the appellate court's ultimate decision."

## II.

The standard of review for issuance of a writ of habeas corpus is *de novo*, but any findings of fact made by the district court are reviewed for clear error. *Sinistaj v. Burt*,

---

[*] The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1. Respondent at that time was Jim Rose, warden of Turney Center Prison.

66 F.3d 804, 807 (6th Cir.1995). The central issue in this case requires a review of the district court's legal conclusion that Moore failed to show "prejudice" from the constitutional error of ineffective assistance of his counsel. The district court made no credibility determination or other apparent finding of fact; its decision was based upon the transcript of Moore's trial. As such, it is reviewed de novo. *Perkins v. LeCureux*, 58 F.3d 214, 218 (6th Cir.1995).[2]

### III.

Before reaching the merits of the ineffective assistance claim, the prior panel of this court addressed whether Moore's petition was an abuse of the writ. *Moore*, 1994 WL 102958. Generally, a petitioner must show both cause and actual prejudice to excuse abuse of the writ, *McCleskey v. Zant*, 499 U.S. 467, 493–95, 111 S.Ct. 1454, 1469–71, 113 L.Ed.2d 517 (1991), which is essentially the same standard as "cause and prejudice" for excusing procedural defaults under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). *McCleskey*, 499 U.S. at 493, 111 S.Ct. at 1470. To fulfill the "cause" requirement, Moore must show "some objective factor external to the defense impeded counsel's efforts" to raise the claim in the earlier federal petition. *Id.* Then, he had to show " 'actual prejudice' resulting from the errors of which he complains." *Id.* at 494, 111 S.Ct. at 1470 (citation omitted).[3] Applying *Maupin v. Smith*, 785 F.2d 135 (6th Cir.1986), the prior panel upheld the district court's determination that there was sufficient "cause" and "prejudice" excusing Moore's failure to raise his ineffec-

tive assistance claim in his first petition. *Moore*, 1994 WL 102958, at *4–5. This court remanded the case to the district court, however, in order to complete the analysis under *Maupin* by evaluating the merits of his underlying constitutional claim, ineffective assistance of counsel.

In *Maupin*, the petitioner, claiming ineffective assistance of trial counsel, alleged that his murder conviction was invalid because of insufficient evidence. *Maupin*, 785 F.2d at 136. The district court in *Maupin* found counsel's failure to move for a directed verdict satisfied the "cause" prong of the procedural default test.[4] As for the second prong of the test, *Maupin* provides a step-by-step guide when the prejudice is an alleged constitutional violation:

> First, ... the prejudice that must be shown must be a result of the alleged constitutional violation and not a result of the trial counsel's failure to meet state procedural guidelines.
>
> \* \* \*
>
> Second, the burden is on the petitioner to show that he was prejudiced by the alleged constitutional error.... Moreover, he must show that there was actual prejudice not merely a possibility of prejudice.
>
> \* \* \*
>
> Third, in analyzing a petitioner's contention of prejudice, the court should assume that the petitioner has stated a meritorious constitutional claim.

*Id.* at 139 (citations omitted). With regard to the third step, the *Maupin* court first as-

---

2. Moore asserts the standard of review to be "grave doubt" according to *O'Neal v. McAninch*, —— U.S. ——, ——, 115 S.Ct. 992, 994, 130 L.Ed.2d 947 (1995). The *O'Neal* decision is inapposite because it involved grave doubt about whether a trial error of federal constitutional law had a substantial and injurious effect on the jury's verdict. Such is not the case here. "Grave doubt" is not a term denoting a standard of review. The term in *O'Neal* was used to describe a situation in which a habeas court was in "virtual equipoise" as to the trial error's harmlessness. In the instant case, abuse of the writ involves the question of prejudice, not harmless error. The underlying ineffective assistance claim also involves the question of prejudice.

3. The Supreme Court in *Wainwright* avoided a precise definition for "prejudice," leaving future cases to define the significance of the term. *United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982).

4. *Maupin* was a procedural default case, whereas the issue here is abuse of the writ. As mentioned earlier, however, the "cause and prejudice" standards for abuse of the writ and procedural default are essentially identical. *McCleskey*, 499 U.S. at 493, 111 S.Ct. at 1470.

sumed the existence of insufficient evidence to determine prejudice and concluded: "Given this assumption, there can be no doubt that Maupin would have been prejudiced by such a constitutional violation. It is self-evident that a conviction based on insufficient evidence would be actually prejudicial to the petitioner." *Id.* at 139–40. Having determined that petitioner satisfied the cause and prejudice test, the *Maupin* court addressed the merits of the underlying claim of insufficient evidence. *Id.* at 140.

In the present case, the prior panel noted that the district court had found both "cause and prejudice" to excuse an abuse of the writ, but that it did not decide the merits of the constitutional claim of ineffective assistance of counsel, including the "prejudice prong" of ineffective assistance under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Moore*, 1994 WL 102958, at *5. The reason "prejudice" for abuse of the writ purposes was satisfied but "prejudice" for ineffective assistance purposes was not yet satisfied lies in the application of the third step of *Maupin:* "in analyzing a petitioner's contention of prejudice, the court should assume that the petitioner has stated a meritorious constitutional claim." 785 F.2d at 139. In this case, the constitutional claim was ineffective assistance of counsel. Therefore, because ineffective assistance includes a prejudice requirement, the district court assumed a meritorious constitutional claim of ineffective assistance of counsel, *and hence assumed prejudice.* In other words, the district court found "prejudice" to excuse abuse of the writ by first assuming without deciding that the "prejudice prong" of ineffective assistance of counsel was satisfied, in accordance with *Maupin*'s third step. Upon appeal, the prior panel then found that the district court had not completed the step *after Maupin*'s third step: a determination *on the merits* as to whether prejudice for ineffective assistance was in fact satisfied. *Moore*, 1994 WL 102958, at *5. On remand, the district court completed the final step and found Moore's

underlying claims to be meritless. As in *Maupin*, we review the district court's decision with respect to each of the underlying substantive claims.

## IV.

The first substantive claim is ineffective assistance of counsel. The two prongs of this claim are: 1) "performance," meaning counsel was deficient; and 2) "prejudice," meaning the deficient performance deprived petitioner of a fair proceeding. Moore must show that his attorney's performance was so inadequate as to violate his Sixth Amendment rights. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).[5] To prove prejudice, Moore must show a reasonable probability,[6] not just a possibility, that but for his attorney's failure to file a complete record, the result of his direct appeal would have been different. *Id.* at 694, 104 S.Ct. at 2068. An error by counsel does not authorize setting aside the judgment of the criminal proceeding if the error has no effect on the judgment. *Freels v. Hills*, 843 F.2d 958, 961 (6th Cir.1988)(citing *Strickland* ).

■ The Sixth Amendment guarantees effective assistance of counsel on the first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). In *Evitts*, neither party nor the Supreme Court disputed the district court's finding that counsel's failure to file a statement of appeal—as required by court rule—constituted ineffective assistance. *Id.* at 391–92, 105 S.Ct. at 833. The Supreme Court has addressed a number of situations in which an attorney's performance has been found deficient. *See Anders v. California*, 386 U.S. 738, 743–44, 87 S.Ct. 1396, 1399–1400, 18 L.Ed.2d 493 (1967)(holding failure to submit a brief on appeal to be ineffective assistance of counsel); *Entsminger v. Iowa*, 386 U.S. 748, 750–51, 87 S.Ct. 1402, 1403, 18 L.Ed.2d 501 (1967)(holding counsel's waiver of petitioner's right to a full transcript violated due

---

**5.** Attorney error does not constitute "cause" unless it equates to ineffective assistance of counsel as defined in *Strickland v. Washington. See Rust v. Zent*, 17 F.3d 155, 161 (6th Cir.1994).

**6.** "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

process guarantees of adequate and effective review); *Hardy v. United States,* 375 U.S. 277, 282, 84 S.Ct. 424, 428, 11 L.Ed.2d 331 (1964)(counsel's duty as advocate cannot be discharged unless he has a transcript of testimony and evidence presented and jury charge). Therefore, it seems clear that failing to file a significant portion of the record on direct appeal constitutes deficient performance, when the sufficiency of the evidence is an issue.

However, the prejudice prong of this claim must also be hurdled. Moore must show that his attorney's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686, 104 S.Ct. at 2064. He must show that absent his counsel's error, the courts of appeal would have reasonable doubt with respect to his guilt. *Freels,* 843 F.2d at 961. A petitioner attacking his conviction bears "the burden of showing not merely ... a possibility of prejudice, but that [errors] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816 (1982). Although Moore was afforded a full trial and convicted of premeditated murder, he contends a complete record on his direct appeal would have changed the outcome. A review of the record reveals ample evidence supporting Moore's conviction. The Tennessee Court of Criminal Appeals succinctly outlined the proof at trial:

> The proof clearly showed that Moore shot to death Dorothy Baker his former lover, after an argument erupted when she refused to move back to his home. It is equally clear that when Ricky Baker went to the lawful defense of his mother Moore shot him three times.
>
> ... There is ample evidence that the defendant came to the victim's residence intending to get her to go home with him or shoot her if she didn't. He apparently shot her twice before firing the fatal third bullet into her heart. He also shot her son three times. The argument is made that since he was aiming the gun at another

lady, Jean Baker, when the deceased grabbed it and was fatally shot that this negates premeditation to kill the victim, Dorothy Baker. This argument fades in the light of the total facts. He had already shot the murder victim, Dorothy Baker, twice. The other lady, Jean Baker, the victim's daughter-in-law, was attempting to get the defendant to cease his vicious attack upon the victim, Dorothy Baker, when defendant aimed his gun at Jean Baker. Dorothy Baker grabbed the gun and was fatally shot. The evidence of first degree murder is unquestionably sufficient.

■ This case is analogous to *Bransford v. Brown,* 806 F.2d 83 (6th Cir.1986), in which a habeas corpus petitioner claimed due process and Sixth Amendment violations resulting from missing transcripts. The transcripts in *Bransford* contained the jury instructions. *Id.* at 83. *Bransford* provided that "in order to demonstrate denial of a fair appeal, petitioner must show prejudice resulting from the missing transcripts." *Id.* at 86 (citations omitted). The *Bransford* court held that the due process right to a fair appeal had not been violated by the absence of the transcripts. *Id.* With respect to the Sixth Amendment claim, the court quoted the *Strickland* case to emphasize that a petitioner must prove actual prejudice: "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial [or appeal], a trial [or appeal] whose result is reliable." *Id.* The *Bransford* court concluded that "even if his counsel could have obtained the transcripts, we have before us not even a modicum of evidence that the transcripts would have revealed reversible error." *Id.* at 87. As in *Bransford,* there is not even a modicum of evidence here that the incomplete transcript resulted in actual prejudice.

## V.

### A. Sufficiency of the Evidence of Premeditation

On his direct appeal, Moore argued there was insufficient evidence to support his first degree murder conviction and the trial court's jury charge was erroneous. This court must ask whether, after viewing the

evidence in the light most favorable to the prosecution, any rational trier of fact could have found Moore guilty of the essential elements of his crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Moore specifically claims the prosecution failed to present sufficient proof of the element of premeditation. This contention is without merit as there is abundant evidence of premeditation. The district court stated:

> A review of the missing portions of the transcript reveals that while it contained Petitioner's defense proof, there was no evidence presented in that defense that would have led the Tennessee Criminal Court of Appeals to decide that no "rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt."

One eyewitness testified that a few minutes before the murder, Moore stated he would "clean the house"—meaning he would "kill everybody"—if the victim did not leave with him. There was also testimony that Moore had previously threatened to kill the victim and her family. The defense proof contradicted how the murder took place. When faced with conflicts in the record or facts presented, we must presume the trier of fact resolved any conflicts in the prosecution's favor. *Jackson,* 443 U.S. at 319, 326, 99 S.Ct. at 2789, 2793. The evidence from the state's case-in-chief was more than adequate to sustain the first degree murder conviction.

**B. Jury Instruction on Premeditation**

Moore challenges the jury instruction on premeditation. On remand, the district court reviewed the jury charge and found that even if the transcript of the jury charge had been included in the record on direct appeal, it would not have changed the outcome of that appeal. Therefore, the court found no prejudice as a result of the failure by trial counsel to include the charge in the transcript.

However, it was unnecessary to reach that issue, and we decline to do so now. In our prior remand to the district court, this court determined that there would only be "cause" to excuse abuse of the writ on the narrow issue of the effect of the missing portion of the transcript on the sufficiency of the evidence claim. That was the *sole* issue on remand. The claim based on the effect of the missing transcript on the Tennessee appellate court's review of the jury instructions was not excused, because Moore could not argue that he did not know about this latter issue at the time his first habeas petition was filed. This jury instruction issue had been raised in a state post-conviction petition before the time of the first federal habeas petition.

**VI.**

In conclusion, we reject Moore's arguments that the missing portion of the transcript prejudiced his direct appeal and that there was insufficient proof of premeditation. "[T]he prejudice component of the cause and prejudice test is not satisfied if there is strong evidence of a petitioner's guilt and a lack of evidence to support his claim.'" *Perkins,* 58 F.3d at 218–19 (citations omitted). Accordingly, the decision of the district court is **AFFIRMED.**