94 F.3d 645
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter WASHINGTON, III, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-4247.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1996.
 
 N.D.Ohio, No. 95-01056; Paul R. Matia, District Judge.
 N.D.Ohio
 AFFIRMED.
 Before: KENNEDY, WELLFORD, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Walter Washington III appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1993, Washington pleaded guilty to one count of possessing with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and one count of using and carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). The district court sentenced Washington to 106 months of imprisonment and three years of supervised release. Washington did not file a direct appeal from his conviction and sentence.
 
 
 3
 In 1995, Washington filed a pro se motion to vacate sentence under 28 U.S.C. § 2255, alleging that: 1) insufficient evidence existed to support his § 924(c) conviction; and 2) he received ineffective assistance of counsel. The district court determined that his claims were without merit and denied the motion. Washington, now represented by counsel, has filed a timely appeal.
 
 
 4
 Upon review, we conclude that the district court properly dismissed Washington's motion to vacate sentence. In order to obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the petitioner's guilty plea. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam).
 
 
 5
 We initially note that Washington does not argue on appeal that he received ineffective assistance of counsel. Consequently, this issue is considered abandoned and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 6
 We also note that, although Washington did not raise his § 924(c) claim in a direct criminal appeal, he is not barred from seeking relief for that claim. A claim that could have been but was not raised on direct appeal may not be reviewed under § 2255 unless Washington demonstrates cause and actual prejudice to excuse his failure to do so. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993).
 
 
 7
 Cause and prejudice exist in this case. Cause exists because Washington's § 924(c) claim relies on a significant, intervening change in the law. See Callanan v. United States, 881 F.2d 229, 231 (6th Cir.1989) (intervening change in law constitutes cause), cert. denied, 494 U.S. 1083 (1990). In determining prejudice, the court is required to assume that the petitioner has stated a meritorious constitutional claim. See Moore v. Carlton, 74 F.3d 689, 691 (6th Cir.), cert. denied, 116 S.Ct. 1287 (1996); Maupin v. Smith, 785 F.2d 135, 139 (6th Cir.1986). Still, the petitioner must establish that actual prejudice exists and not merely a possibility of prejudice. Moore, 74 F.3d at 691; Maupin, 785 F.2d at 139. Washington has done so in this case. The Supreme Court recently redefined the sufficiency of the evidence necessary for a § 924(c) firearm conviction and thus altered the elements the government must prove to establish such a conviction. See Bailey v. United States, 116 S.Ct. 501, 506-08 (1995). Consequently, because a defendant cannot be convicted unless all the elements of his crime are supported by sufficient evidence, Jackson v. Virginia, 443 U.S. 307, 324 (1979), Washington has established adequate prejudice to his case to justify review of his claim. See Moore, 74 F.3d at 692; Maupin, 785 F.2d at 139-40.
 
 
 8
 Following Bailey, sufficient evidence no longer exists to support Washington's § 924(c) conviction for "using" a firearm. In Bailey, 116 S.Ct. at 506-07, the Supreme Court concluded that § 924(c) requires evidence sufficient to show that the defendant actively employed a firearm, using it as an operative factor in relation to the predicate offense. While "use" of the firearm includes brandishing, displaying, bartering, striking with, and firing, it does not encompass the "inert presence" of a firearm, which may be available for intimidation, attack, or defense. Id. at 508. Consequently, the mere possession of a firearm by a drug vendor is insufficient for "use" under the statute and the storing of a firearm near drugs or drug proceeds, without its more active employment, is not reasonably distinguishable from possession. Id.
 
 
 9
 In light of Bailey, the facts underlying Washington's case are now insufficient to support his conviction for "using" a firearm in relation to a drug trafficking offense. Washington was riding in the front passenger seat of a car stopped by the Painesville (Ohio) Police Department. A search of the car revealed several vials containing cocaine base. The parties also agree that a loaded .380 caliber handgun was found on the front floorboard of the vehicle. Following his arrest, Washington admitted ownership of the gun and drugs and stated that he had removed the gun from his waistband when stopped by the police. The government does not allege that Washington was making active use of the firearm and, indeed, acknowledges that the evidence is insufficient to support a conviction for "using" a firearm.
 
 
 10
 We also conclude that Bailey applies retroactively to Washington's case. In Callanan, 881 F.2d at 231-32, this court retroactively applied the Supreme Court's decision in McNally v. United States, 483 U.S. 350 (1987), which repudiated the intangible rights theory of conviction for mail fraud, to two final convictions challenged in motions to vacate filed under 28 U.S.C. § 2255. Since the case involved a new interpretation of substantive criminal law and the defendants were now being punished for an act no longer considered criminal, "the new rule of law must be applied retroactively in postconviction proceedings." Callanan, 881 F.2d at 231-32. Since the Bailey decision provided a new interpretation of substantive criminal law, it applies retroactively because Washington is now being punished for an act that may no longer be considered criminal.
 
 
 11
 Nonetheless, we affirm the district court's decision for reasons not considered by that court. City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 251 (6th Cir.1994). This court recently concluded that, although the evidence may not be sufficient to support a conviction for "using" a firearm under § 924(c), the evidence may still be sufficient to support a conviction for "carrying" a firearm in relation to a drug trafficking crime in violation of § 924(c). United States v. Riascos-Suarez, 73 F.3d 616, 622-24 (6th Cir.1996). In order for a defendant to be convicted of "carrying" a firearm in violation of § 924(c), the gun "must be immediately available for use--on the defendant or within his or her reach." Id. at 623. "Such availability takes the weapon beyond simple possession or storage." Id. In Riascos-Suarez, a search of the defendant's car revealed cocaine, drug proceeds, and a gun protruding from the driver's side of the console. Id. at 620. We concluded that the defendant "carried" the weapon for purposes of § 924(c) because the firearm was within reach and immediately available for use. Id. at 623.
 
 
 12
 The evidence is sufficient to conclude that Washington "carried" the firearm in violation of § 924(c). A search of Washington's car revealed numerous rocks of cocaine base and a firearm on the front floorboard by Washington's seat. Since the firearm was within reach and immediately available for use, the evidence is sufficient to conclude that Washington was "carrying" the weapon in relation to his drug trafficking. Indeed, Washington acknowledged after his arrest that he had been carrying the gun in his waistband prior to the police stop. We also note that the indictment in this case charged that Washington "did use or carry a firearm" in relation to the drug trafficking crime. Further, when accepting Washington's guilty plea, the court informed him that he was pleading guilty to "using or carrying a firearm during a drug trafficking crime." Therefore, his conviction is properly affirmed on the ground of "carrying" a firearm in violation of § 924(c).
 
 
 13
 Accordingly, we affirm the district court's judgment.