103 F.3d 131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Kevin TUCKER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-5506.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1996.
 
 Before: KENNEDY, JONES, and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 John Kevin Tucker, proceeding pro se, appeals a district court judgment denying his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In March 1993, Tucker pleaded guilty to conspiring to manufacture marijuana in violation of 21 U.S.C. § 841(a)(1), and aiding and abetting the use or carrying of a firearm in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2. The district court sentenced him to a total of 72 months of imprisonment. The record does not reflect that Tucker appealed his convictions or sentence.
 
 
 3
 In his motion to vacate, Tucker argued that the Supreme Court's decision in Bailey v. United States, 116 S.Ct. 501 (1995), rendered his § 924(c) conviction invalid. Upon review, the district court concluded that there was sufficient evidence to support Tucker's conviction for "use" of, or carrying, a firearm. Thus, it denied the motion as without merit.
 
 
 4
 Tucker has filed a timely appeal, essentially reasserting his same argument.
 
 
 5
 Upon review, we conclude that the district court properly denied Tucker's motion to vacate his sentence. The record simply does not reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994).
 
 
 6
 We initially note that, although Tucker did not raise this claim on direct appeal, he is not barred from seeking relief on this claim. A claim that could have been but was not raised on direct appeal may not be reviewed under § 2255 unless Tucker demonstrates cause and prejudice to excuse his failure to do so. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993).
 
 
 7
 Cause and prejudice exist in this case. Cause exists because Tucker's § 924(c) claim relies on a significant, intervening change in the law. See Callanan v. United States, 881 F.2d 229, 231 (6th Cir.1989), cert. denied, 494 U.S. 1083 (1990). In determining prejudice, the court is required to assume that the petitioner has stated a meritorious constitutional claim. See Moore v. Carlton, 74 F.3d 689, 691 (6th Cir.), cert. denied, 116 S.Ct. 1287 (1996); Maupin v. Smith, 785 F.2d 135, 139 (6th Cir.1986). Still, the petitioner must establish that actual prejudice exists and not merely a possibility of prejudice. Moore, 74 F.3d at 691. Tucker has established that actual prejudice exists in this case. The Supreme Court redefined the sufficiency of the evidence necessary for a § 924(c) firearm conviction and thus altered the elements the government must prove to obtain such a conviction. See Bailey, 116 S.Ct. at 506-08. Consequently, because a criminal defendant cannot be convicted unless all the elements of his crime are supported by sufficient evidence, Jackson v. Virginia, 443 U.S. 307, 324 (1979), Tucker has established adequate prejudice to his case to justify review of his claim. See Moore, 74 F.3d at 692.
 
 
 8
 At one point in its decision, the district court implied that the government had presented sufficient evidence to support Tucker's § 924(c) conviction for "using" a firearm. In Bailey, 116 S.Ct. at 506-07, the Supreme Court concluded that § 924(c) requires evidence sufficient to establish that a defendant actively employed a firearm, using it as an operative factor in relation to the predicate offense. While "use" of the firearm includes brandishing, displaying, bartering, striking with, and firing, it does not encompass the "inert presence" of a firearm, which may be available for intimidation, attack, or defense. Id. at 508. Consequently, the mere possession of a firearm by a drug vendor is insufficient for "use" under the statute and the storing of a firearm near drugs or proceeds, without its more active employment, is not reasonably distinguishable from possession. Id.
 
 
 9
 The facts underlying Tucker's case are now insufficient to support his conviction for "using" a firearm in relation to a drug trafficking offense. The record reflects that forest service rangers discovered a plot of marijuana which appeared to have been recently cut, and that they observed Tucker and co-defendant Whaley as they ran up a hillside. Tucker and Whaley were carrying duffel bags full of marijuana, and Whaley had strapped a .22 caliber pistol to his belt. Tucker admitted that they had stayed at a campsite during the month of April 1992, in order to guard and cultivate the marijuana. He also stated that they kept the weapon to protect the marijuana patch. However, the government presented no evidence that Whaley had brandished, displayed, fired or "used" the weapon in any manner on the day of the arrest. The defendants' statements that they kept the guns for "protection" does not establish "use," as the "inert presence" of a firearm for defense does not constitute use. Id.
 
 
 10
 Further, Bailey applies retroactively to Tucker's case. In Callanan, 881 F.2d at 231-32, this court retroactively applied the Supreme Court's decision in McNally v. United States, 483 U.S. 350 (1987), which repudiated the intangible rights theory of conviction for mail fraud, to two final convictions challenged in motions to vacate filed under 28 U.S.C. § 2255. Since the case involved a new interpretation of substantive criminal law and the defendants were being punished for an act no longer considered criminal, "the new rule of law must be applied retroactively in postconviction proceedings." Callanan, 881 F.2d at 231-32. The court also noted that the Supreme Court's decision in Teague v. Lane, 489 U.S. 288 (1989), did not affect this conclusion because Teague addressed only the retroactivity of new constitutional rules of criminal procedure. Callanan, 881 F.2d at 232 n. 1. Since the Bailey decision provided a new interpretation of substantive criminal law, it applies retroactively because Tucker is now being punished for an act that may no longer be considered criminal.
 
 
 11
 Nonetheless, the district court properly concluded that the government had presented sufficient evidence to support Tucker's conviction for aiding and abetting the "carrying" of a firearm in relation to a drug offense. Tucker's co-defendant transported the gun in relation to their drug trafficking crime, and it was immediately available to his co-defendant. See United States v. Moore, 76 F.3d 111, 113 (6th Cir.1996); United States v. Riascos-Suarez, 73 F.3d 616, 623 (6th Cir.1996). Moreover, Tucker is liable for Whaley's violation of § 924(c) because Whaley's conduct was foreseeable and in furtherance of the conspiracy. See United States v. Lloyd, 10 F.3d 1197, 1212 (6th Cir.1993), cert. denied, 114 S.Ct. 1569 and 114 S.Ct. 2172 and 115 S.Ct. 219 (1994). Thus, the government presented sufficient evidence to support Tucker's § 924(c) conviction.
 
 
 12
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.