103 F.3d 132
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary Randall WATKINS, Petitioner-Appellant,
v.
James SCHOTTEN, Warden, Respondent-Appellee.
 No. 96-3024.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1996.
 
 1
 Before: KENNEDY, BOGGS, and WOOD,* Circuit Judges.
 
 ORDER
 
 2
 Gary Randall Watkins, an Ohio prisoner represented by counsel, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 On February 15, 1990, following a jury trial, Watkins was convicted of one count of aggravated robbery with a firearms specification, and three counts of kidnapping, each with firearms specifications. He was sentenced to ten to twenty-five years for the aggravated robbery conviction with three years actual incarceration on the firearms specifications (to be served consecutive to the underlying sentence). He also received concurrent sentences of five to twenty-five years of incarceration for the kidnapping convictions (to be served consecutive to the sentence imposed for the aggravated robbery conviction). The Eleventh District Court of Appeals of Ohio affirmed his convictions on March 29, 1991. A petition for leave to appeal to the Ohio Supreme Court was denied on August 7, 1991.
 
 
 4
 Watkins filed his first federal petition for a writ of habeas corpus on February 27, 1992. In that petition, he asserted one ground for relief, which involved an alleged error in a ruling on a motion to suppress evidence. Watkins's first petition for a writ of habeas corpus was dismissed on June 15, 1993. His motion for reconsideration, considered by the district court as a motion to alter or amend, was denied on August 11, 1993.
 
 
 5
 While his habeas corpus petition was pending, Watkins filed a motion for delayed reconsideration of his case with the Eleventh District Court of Appeals. In his motion for reconsideration, Watkins alleged an ineffective assistance of appellate counsel claim, based on counsel's failure to assert that convictions for the "allied offenses" of kidnapping and aggravated robbery, arising out of the same occurrence, violated his constitutional rights. The appellate court denied the motion on November 30, 1992, holding that there could have been no prejudice to Watkins resulting from failure to raise the allied offense argument on appeal, and holding that under the facts of the case, Watkins's conduct resulted in the offenses being committed separately with separate animus. On April 28, 1993, Watkins's motion for leave to appeal to the Ohio Supreme Court was denied.
 
 
 6
 In the petition for a writ of habeas corpus commenced in the instant case, Watkins alleged an ineffective assistance of appellate counsel claim based on counsel's failure to assert that convictions for the "allied offenses" of kidnapping and aggravated robbery, arising out of the same occurrence, violated his constitutional rights. The matter was referred to a magistrate judge who issued a report recommending that the petition be dismissed as an abuse of the writ. Despite Watkins's objections, the district court adopted the report and recommendation. This timely appeal followed.
 
 
 7
 Upon review, we conclude that Watkins's current petition for a writ of habeas corpus was properly dismissed as an abuse of the writ under Rule 9(b), Rules Governing Section 2254 Cases. A petition may be dismissed as an abuse of the writ if the petitioner had a prior opportunity to raise his claims and he either deliberately abandoned his claims or, by inexcusable neglect, failed to raise the claims at the prior opportunity. See 28 U.S.C. § 2244(b); Rule 9(b), Rules Governing § 2254 Cases; McCleskey v. Zant, 499 U.S. 467, 489-90 (1991); Lewandowski v. Makel, 949 F.2d 884, 890 (6th Cir.1991).
 
 
 8
 The court may review a claim that would otherwise be an abuse of the writ if the petitioner can demonstrate cause and prejudice to excuse the failure to raise the claim at the earlier opportunity. McCleskey, 499 U.S. at 493-94. In order to demonstrate cause for failure to raise claims in a prior petition, the petitioner must prove the existence of "some external impediment preventing [him] from constructing or raising the claim." Id. at 497. In determining prejudice, the court is required to assume that the petitioner has stated a meritorious constitutional claim. See Moore v. Carlton, 74 F.3d 689, 691 (6th Cir.), cert. denied, 116 S.Ct. 1287 (1996); Maupin v. Smith, 785 F.2d 135, 139 (6th Cir.1986). Still, the petitioner must establish that actual prejudice exists and not merely a possibility of prejudice. Moore, 74 F.3d at 691; Maupin, 785 F.2d at 139. Absent a showing of cause and prejudice, the court may review the claims in order to prevent a fundamental miscarriage of justice if the petitioner submits new and reliable evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent. McCleskey, 499 U.S. at 494.
 
 
 9
 Cause exists in this case because at the time of the first habeas petition, Watkins did not have a sufficient basis for alleging the claim for relief raised herein, as it had not been exhausted in the state courts at that time. Consequently, Watkins has demonstrated some external impediment preventing him from including the ineffective assistance of appellate counsel claim in the first habeas petition. Nevertheless, Watkins has not shown actual prejudice.
 
 
 10
 Watkins must prove that he was actually prejudiced by appellate counsel's failure to allege that kidnapping and aggravated robbery were allied offenses of similar import, so that he could not have been convicted of both offenses without offending the constitutional protection against double jeopardy. That issue was analyzed by the state appellate court in its opinion denying Watkins's motion for delayed reconsideration of the affirmance of his convictions. After setting out the similar import statute, Ohio Rev. Code Ann. § 2941.25, and holding that kidnapping and aggravated robbery may constitute offenses of similar import, the Eleventh District Court of Appeals went on to determine whether Watkins's conduct resulted in the offenses being committed separately or with a separate animus, which required application of State v. Logan, 60 Ohio St.2d 126 (1979) to the facts of Watkins's case. The appellate court held that the offenses were committed separately with separate animus. We agree with the district court of appeals. No Double Jeopardy violation occurred since robbery and kidnapping have separate elements. Thus, if counsel had raised the allied offenses argument on appeal, the appellate court would have denied relief based thereon. Consequently, there could have been no prejudice to Watkins as a result of such failure. Absent a showing of actual prejudice, Watkins has not satisfied his burden to disprove abuse of the writ. Accordingly, the present habeas petition was properly dismissed as an impermissible abuse of the writ.
 
 
 11
 Finally, this is not a case where the ends of justice require a federal court to entertain the current petition. If the merits of Watkins's ineffective assistance of appellate counsel claim were considered, the habeas petition would still be subject to dismissal. Watkins cannot establish either that appellate counsel's failure to include the allied offenses argument was so far below acceptable standards as to deny him his right to counsel or that he was actually prejudiced by such failure, considering the Ohio appellate court's conclusion that if the issue had been raised it would not have succeeded. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 12
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Harlington Wood, Jr., Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation