103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Christopher RUSSELL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1455.
 United States Court of Appeals, Sixth Circuit.
 Dec. 02, 1996.
 
 1
 Before: KENNEDY and BATCHELDER, Circuit Judges; EDGAR, District Judge.*
 
 ORDER
 
 2
 Christopher Russell, proceeding pro se, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In October 1990, a jury convicted Russell of conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846, using and carrying a firearm in violation of 18 U.S.C. §§ 924(c) and 2, and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Prior to sentencing, the district court vacated Russell's § 924(c) conviction for use a machine gun; this left Russell with a § 924(c) conviction for use of a non-machine gun. A panel of this court reversed the district court's order vacating the § 924(c) conviction. See United States v. Sims, 975 F.2d 1225, 1237-38 (6th Cir.1992), cert. denied, 507 U.S. 932 and 998 and 999 (1993). On remand, the district court sentenced him to a total of 181 months of imprisonment. Russell did not appeal.
 
 
 4
 In his motion to vacate, Russell argued that the Supreme Court's decision in Bailey v. United States, 116 S.Ct. 501 (1995), constitutes a change of the law warranting a reversal of his conviction. The district court denied Russell's motion as without merit.
 
 
 5
 Russell has filed a timely appeal, reasserting his same claim.
 
 
 6
 Upon review, we conclude that the district court properly denied Russell's motion to vacate his sentence. The record simply does not reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994).
 
 
 7
 We initially note that, although Russell did not raise this claim on direct appeal, he is not barred from seeking relief on this claim. A claim that could have been but was not raised on direct appeal may not be reviewed under § 2255 unless Russell demonstrates cause and prejudice to excuse his failure to do so. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993).
 
 
 8
 Cause and prejudice exist in this case. Cause exists because Russell's § 924(c) claim relies on a significant, intervening change in the law. See Callanan v. United States, 881 F.2d 229, 231 (6th Cir.1989), cert. denied, 494 U.S. 1083 (1990). In determining prejudice, the court is required to assume that the petitioner has stated a meritorious constitutional claim. See Moore v. Carlton, 74 F.3d 689, 691 (6th Cir.), cert. denied, 116 S.Ct. 1287 (1996); Maupin v. Smith, 785 F.2d 135, 139 (6th Cir.1986). Still, the petitioner must establish that actual prejudice exists and not merely a possibility of prejudice. Moore, 74 F.3d at 691. Russell has established that actual prejudice exists in this case. The Supreme Court redefined the sufficiency of the evidence necessary for a § 924(c) firearm conviction and thus altered the elements the government must prove to obtain such a conviction. See Bailey, 116 S.Ct. at 506-08. Consequently, because a criminal defendant cannot be convicted unless all the elements of his crime are supported by sufficient evidence, Jackson v. Virginia, 443 U.S. 307, 324 (1979), Russell has established adequate prejudice to his case to justify review of his claim. See Moore, 74 F.3d at 692.
 
 
 9
 Sufficient evidence does not exist to support Russell's § 924(c) conviction for "using" a firearm. In Bailey, 116 S.Ct. at 506-07, the Supreme Court concluded that § 924(c) requires evidence sufficient to establish that a defendant actively employed a firearm, using it as an operative factor in relation to the predicate offense. While "use" of the firearm includes brandishing, displaying, bartering, striking with, and firing, it does not encompass the "inert presence" of a firearm, which may be available for intimidation, attack, or defense. Id. at 508. Consequently, the mere possession of a firearm by a drug vendor is insufficient for "use" under the statute and the storing of a firearm near drugs or proceeds, without its more active employment, is not reasonably distinguishable from possession. Id.
 
 
 10
 In light of Bailey, the facts underlying Russell's case are now insufficient to support his conviction for "using" a firearm in relation to a drug trafficking offense. While the government presented evidence indicating that Russell was present at a scheduled drug transaction to provide security, and that he had a bag that contained weapons, no evidence exists that Russell actively employed a firearm and his mere possession of the guns is insufficient to support a conviction for "using" a firearm under § 924(c). Id. at 506-08.
 
 
 11
 Further, Bailey applies retroactively to Russell's case. In Callanan, 881 F.2d at 231-32, this court retroactively applied the Supreme Court's decision in McNally v. United States, 483 U.S. 350 (1987), which repudiated the intangible rights theory of conviction for mail fraud, to two final convictions challenged in motions to vacate filed under 28 U.S.C. § 2255. Since the case involved a new interpretation of substantive criminal law and the defendants were being punished for an act no longer considered criminal, "the new rule of law must be applied retroactively in postconviction proceedings." Callanan, 881 F.2d at 231-32. The court also noted that the Supreme Court's decision in Teague v. Lane, 489 U.S. 288 (1989), did not affect this conclusion because Teague addressed only the retroactivity of new constitutional rules of criminal procedure. Callanan, 881 F.2d at 232 n. 1. Since the Bailey decision provided a new interpretation of substantive criminal law, it applies retroactively because Russell is now being punished for an act that may no longer be considered criminal.
 
 
 12
 Nonetheless, the district court properly concluded that the evidence was sufficient to support Russell's conviction for "carrying" a firearm in relation to a drug offense. In order for a defendant to be convicted of "carrying" a gun in violation of § 924(c), "the firearm must be immediately available for use--on the defendant or within his or her reach." United States v. Riascos-Suarez, 73 F.3d 616, 623 (6th Cir.1996), petition for cert. filed, (U.S. June 11, 1996) (No. 95-9285). A defendant "carries" a firearm under § 924(c) when he physically transports the weapon in relation to a drug offense. United States v. Moore, 76 F.3d 111, 113 (6th Cir.1996). The evidence in this case was clearly sufficient to support Russell's § 924(c) conviction. Russell does not dispute that an undercover officer observed him in the backseat of a Pontiac at the scheduled meeting place of a 15 kilogram cocaine transaction. Further, he does not dispute that he unzipped a black bag and showed the officer a large sum of money. Finally, he does not dispute that the black bag contained a Benelli 12-gauge, semi-automatic shotgun and a Smith & Wesson 9-millimeter pistol, both fully loaded. Moreover, one of the investigators testified that Russell had indicated that he had been at the site of the scheduled drug transaction to provide security. This evidence provides a sufficient basis to conclude that Russell carried the weapons during and in relation to a drug trafficking offense.
 
 
 13
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation