**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenneth R. MOORE, Defendant–
Appellant.**

No. 94–6591.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 11, 1995.

Decided Feb. 22, 1996.

---

Hugh B. Ward, Jr. (argued and briefed), Office of the U.S. Attorney, Knoxville, TN, for Plaintiff–Appellee.

Allen E. Schwartz (argued and briefed), Knoxville, TN, for Defendant–Appellant.

Before: KENNEDY and MOORE, Circuit Judges; JOHNSTONE, Senior District Judge.*

## OPINION ON REHEARING

MOORE, Circuit Judge.

Appellant Kenneth R. Moore petitions this court for rehearing in light of *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133

* The Honorable Edward H. Johnstone, Senior United States District Judge for the Western Dis-

L.Ed.2d 472 (1995), a decision that issued after we had decided this case. Although part III of our original opinion affirmed Moore's conviction under 18 U.S.C. § 924(c), *Bailey* requires a new evaluation of this conviction. We accordingly vacate the section 924(c) conviction and remand for further proceedings consistent with this opinion.

## I

Section 924(c)(1) states that

> [w]hoever, during and in relation to any crime of violence or drug trafficking crime … for which he may be prosecuted in a court of the United States, *uses or carries* a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years ….

18 U.S.C. § 924(c)(1) (emphasis added). Moore's conviction of possession of marijuana with intent to distribute is a drug trafficking crime for the purposes of the statute. *See id.* § 924(c)(2); 21 U.S.C. § 841(a).

*Bailey* endorsed a narrower definition of "use" of a firearm than this circuit had previously applied. The Court unanimously held that "use" means "active employment," such as "brandishing, displaying, bartering, striking with, … firing or attempting to fire" a firearm or making a calculated reference thereto. —— U.S. at ——, 116 S.Ct. at 508. Storing a gun near drugs or drug proceeds or secreting one for possible future employment does not constitute "use." *Id.* at ——–——, 116 S.Ct. at 508–09. Because Moore's section 924(c) conviction was not final when *Bailey* was decided, we are obliged to apply this new law to the instant case. *See United States v. Stack,* 853 F.2d 436, 437 (6th Cir.1988) (citing *Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987)); *see also Griffith,* 479 U.S. at 321 n. 6, 107 S.Ct. at 712 n. 6 (defining "final"). Unless we find that the jury necessarily based its verdict on conduct that, after *Bailey,* is still considered criminal, we must vacate the conviction. *See Zant v.*

trict of Kentucky, sitting by designation.

*Stephens,* 462 U.S. 862, 881, 103 S.Ct. 2733, 2744, 77 L.Ed.2d 235 (1983); *United States v. Palazzolo,* 71 F.3d 1233, 1235–37 (6th Cir. 1995).

## II

■ Under *Bailey,* Moore cannot be said to have "used" a firearm. Although four loaded guns were strewn about the bedroom in which Moore was apprehended, the prosecution introduced no evidence that Moore actively employed the firearms in any way. In fact, Moore was asleep when the police found him, and he offered no resistance when awakened. Nevertheless, our inquiry does not end here. The government urges us to hold that the jury's verdict can be affirmed based on the "carry" prong of section 924(c)(1).

In the recent case of *United States v. Riascos–Suarez,* 73 F.3d 616 (6th Cir. 1996), we had a chance to address the meaning of "carry" in light of the *Bailey* decision. Guido Riascos–Suarez was ordered to pull over while driving his car. Police found drug paraphernalia and proceeds in the car as well as a firearm protruding from the driver's side of the console, easily within Riascos–Suarez's reach. The court found that these circumstances sufficed to provide a factual basis for a plea of guilty to a section 924(c)(1) "carrying" offense under *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). *See* 73 F.3d at 623.

■ Although the immediate availability of the gun to the appellant was a key factor in *Riascos–Suarez, see id.,* we do not read that case as identifying availability as the *only* relevant consideration; if Congress had meant section 924(c)(1) to implicate any individual who happens to be within arm's reach of a firearm, surely it would have selected a more accurate term than "carry." A definition of "carry" that takes only availability into account ignores the term's most obvious connotation, i.e., physical transportation.[1] Immediate availability is therefore a necessary, but not sufficient, determinant. In-

deed, in *Riascos–Suarez* we held that "to be convicted under section 924(c)(1) of 'carrying' a weapon, a defendant must do more than possess or store a weapon." 73 F.3d at 623. The appellant in *Riascos–Suarez* "carried" the firearm not only because he had it within reach, but also because he physically brought it with him in the course of his drug trade. *See United States v. Cardenas,* 864 F.2d 1528, 1530, 1533–36 (10th Cir.) (holding that weapon "within effortless reach" of appellant as he drove car was "carried" and distinguishing "carrying" from "mere transportation" by requiring some degree of possession in addition to transporting), *cert. denied,* 491 U.S. 909, 109 S.Ct. 3197, 105 L.Ed.2d 705 (1989).

■ Consequently, we cannot say that the jury in the instant case, if presented with the correct law under *Bailey* and *Riascos–Suarez,* would necessarily have found Moore guilty of carrying a firearm in relation to a drug trafficking offense. Our pre-*Bailey* definition of "use" was so broad that neither party had a reason to focus on the factual issues relevant to the "carry" prong, i.e., immediate availability and physical transportation. More important, the evidence and jury instructions allowed the jury to convict even if it believed that there was no gun within Moore's reach, or that Moore had not physically transported any gun during and in relation to his drug trafficking crime. In fact, the jury instructions drew no distinction between "use" and "carry" at all. The relevant instruction provided:

> The phrase "used and carried a firearm" means having a firearm available to assist or aid in the commission of the crime alleged in the indictment.

> In determining whether the defendant used or carried a firearm, you may consider all the factors received in evidence in the case, including the nature of the underlying drug trafficking crime alleged, the proximity of the defendant to the firearm in question, the usefulness of the firearm to the crime alleged, and the circumstances surrounding the presence of the firearm.

---

1. The dictionary definition of "carry" incorporates the idea of physical transportation: "1: to move while supporting (as in a vehicle or in one's hands or arms)." *Webster's Third New International Dictionary* 343 (1986).

The government is not required to show that the defendant actually displayed or fired the weapon. The government is required, however, to prove beyond a reasonable doubt that the firearm was in the defendant's possession or under the defendant's control at the time that the drug trafficking crime was committed.

If it reasonably appears that the firearms found on the premises controlled or owned by defendant and in his actual or constructive possession are to be used to protect the drugs or otherwise facilitate a drug transaction, then such firearms are used "during and in relation to" a drug trafficking crime.

2 Trial Tr. at 53–54. After *Bailey,* these instructions are inadequate.

We therefore **VACATE** Moore's section 924(c)(1) conviction and **REMAND** for further proceedings, in which both parties can have the opportunity to focus on the facts and law relevant to proving that Moore used or carried a firearm during and in relation to his drug trafficking offense. We adhere to our previous opinion in all other respects.