94 F.3d 645
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Joe ROSE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-5175.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1996.
 
 Before: KENNEDY, WELLFORD, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Robert Joe Rose appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1992, Rose pleaded guilty to conspiracy to manufacture and possess with intent to distribute marijuana in violation of 21 U.S.C. § 846 and one count of using and carrying a firearm during and in relation to a drug offense in violation of 18 U.S.C. § 924(c)(1). The district court sentenced Rose to eighty-seven months of imprisonment on the conspiracy count and a consecutive sixty month term of imprisonment on the firearm count, for a total sentence of 147 months of imprisonment. On direct appeal, this court affirmed Rose's conviction and sentence. United States v. Rose, 47 F.3d 1172, 1995 WL 16839 (6th Cir. Jan. 17, 1995) (unpublished per curiam), cert. denied, 115 S.Ct. 1719 (1995). Pursuant to a retroactive amendment of USSG § 2D1.1(c), the district court subsequently resentenced Rose to sixty months of imprisonment on the conspiracy count, for a new total sentence of 120 months of imprisonment.
 
 
 3
 In 1995, Rose and his co-defendants, proceeding through counsel, filed a motion to vacate sentence, alleging that insufficient evidence existed to support their § 924(c) convictions for "using" and "carrying" a firearm in relation to a drug offense. The district court determined that sufficient evidence existed to conclude that the defendants had "carried" the weapons in violation of § 924(c) and the court denied the motion. Only Rose, now proceeding pro se, has appealed the district court's decision.
 
 
 4
 Upon review, we conclude that the district court properly denied Rose's motion to vacate sentence. In order to obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining Rose's guilty plea. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam).
 
 
 5
 We initially note that Rose argues for the first time on appeal that: 1) he is actually innocent of his conspiracy and firearm convictions; 2) he did not knowingly and voluntarily enter his guilty plea; and 3) the district court did not comply with the requirements of Fed.R.Crim.P. 11 in accepting his guilty plea. Since Rose did not raise these issues in the district court, this court will not consider them for the first time on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 6
 We also note that, although Rose did not raise his § 924(c) claim in his direct criminal appeal, he is not barred from seeking relief for that claim. A claim that could have been but was not raised on direct appeal may not be reviewed under § 2255 unless Rose demonstrates cause and actual prejudice to excuse his failure to do so. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993).
 
 
 7
 Cause and prejudice exist in this case. Cause exists because Rose's § 924(c) claim relies on a significant, intervening change in the law. See Callanan v. United States, 881 F.2d 229, 231 (6th Cir.1989) (intervening change in law constitutes cause), cert. denied, 494 U.S. 1083 (1990). In determining prejudice, the court is required to assume that the petitioner has stated a meritorious constitutional claim. See Moore v. Carlton, 74 F.3d 689, 691 (6th Cir.), cert. denied, 116 S.Ct. 1287 (1996); Maupin v. Smith, 785 F.2d 135, 139 (6th Cir.1986). Still, the petitioner must establish that actual prejudice exists and not merely a possibility of prejudice. Moore, 74 F.3d at 691; Maupin, 785 F.2d at 139. Rose has done so in this case. The Supreme Court recently redefined the sufficiency of the evidence necessary for a § 924(c) firearm conviction and thus altered the elements the government must prove to establish such a conviction. See Bailey v. United States, 116 S.Ct. 501, 506-08 (1995). Consequently, because a defendant cannot be convicted unless all the elements of his crime are supported by sufficient evidence, Jackson v. Virginia, 443 U.S. 307, 324 (1979), Rose has established adequate prejudice to his case to justify review of his claim. See Moore, 74 F.3d at 692; Maupin, 785 F.2d at 139-40.
 
 
 8
 Sufficient evidence does not exist to support Rose's § 924(c) conviction for "using" a firearm. In Bailey, 116 S.Ct. at 506-07, the Supreme Court concluded that § 924(c) requires evidence sufficient to show that the defendant actively employed a firearm, using it as an operative factor in relation to the predicate offense. While "use" of the firearm includes brandishing, displaying, bartering, striking with, and firing, it does not encompass the "inert presence" of a firearm, which may be available for intimidation, attack, or defense. Id. at 508. Consequently, the mere possession of a firearm by a drug vendor is insufficient for "use" under the statute and the storing of a firearm near drugs or drug proceeds, without its more active employment, is not reasonably distinguishable from possession. Id. In light of Bailey, the facts underlying Rose's case are now insufficient to support his conviction for "using" a firearm in relation to a drug trafficking offense.
 
 
 9
 Law enforcement officers witnessed Rose and his codefendants weeding and maintaining a large marijuana patch. While performing this task, Rose was carrying a fully loaded semi-automatic pistol and an extra magazine of ammunition. The district court properly concluded that the evidence was sufficient to support Rose's conviction for "carrying" a firearm in relation to a drug offense. In order for a defendant to be convicted of "carrying" a gun in violation of § 924(c), "the firearm must be immediately available for use--on the defendant or within his or her reach." United States v. Riascos-Suarez, 73 F.3d 616, 623 (6th Cir.1996). A defendant "carries" a firearm under § 924(c) when he physically transports the weapon in relation to a drug offense. United States v. Moore, 76 F.3d 111, 113 (6th Cir.1996). The evidence in this case was clearly sufficient to support Rose's § 924(c) conviction since Rose acknowledged at his guilty plea that he was carrying the firearm on his person while working in the marijuana patch. Further, the indictment in this case charged that Rose "did use and carry a firearm" in relation to the drug trafficking crime and, at Rose's guilty plea, the court noted that Rose was pleading to both "using" and "carrying" a firearm. Therefore, his conviction is properly affirmed on the ground of "carrying" a firearm in violation of § 924(c).
 
 
 10
 Further, Bailey applies retroactively to Rose's case. In Callanan, 881 F.2d at 231-32, this court retroactively applied the Supreme Court's decision in McNally v. United States, 483 U.S. 350 (1987), which repudiated the intangible rights theory of conviction for mail fraud, to two final convictions challenged in motions to vacate filed under 28 U.S.C. § 2255. Since the case involved a new interpretation of substantive criminal law and the defendants were now being punished for an act no longer considered criminal, "the new rule of law must be applied retroactively in postconviction proceedings." Callanan, 881 F.2d at 231-32. Since the Bailey decision provided a new interpretation of substantive criminal law, it applies retroactively because Rose is now being punished for an act that may no longer be considered criminal.
 
 
 11
 Accordingly, this court affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.