98 F.3d 1343
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald OLDS, Defendant-Appellant.
 No. 94-6286.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1996.
 
 E.D.Tenn., No. 94-00031; R. Allan Edgar, Judge.
 E.D.Tenn. [On remand from 116 S.Ct. 1667].
 REMANDED.
 Before: WELLFORD, MILBURN and SUHRHEINRICH, Circuit Judges.
 ON REMAND FROM THE UNITED STATES SUPREME COURT
 PER CURIAM.
 
 
 1
 Defendant Ronald Olds was convicted following a jury trial of attempted possession with intent to distribute narcotics, in violation of 21 U.S.C. § 846, and with using or carrying a firearm in a drug related offense, in violation of 18 U.S.C. § 924(c). We affirmed defendant's conviction. United States v. Olds, 70 F.3d 116 (6th Cir.1993) (unpublished). The Supreme Court granted certiorari and remanded to this court to reconsider the § 924(c) conviction in light of Bailey v. United States, 116 S.Ct. 501 (1996). We REMAND for further proceedings.
 
 I.
 
 2
 Defendant attempted to sell his car to an undercover informant, Carlisle, in exchange for crack cocaine. Olds met Carlisle at a mall. After inspecting the vehicle, Carlisle asked for the title, which Olds retrieved from the glove box. At that point Carlisle noticed shotgun shells inside the glove compartment and a 12-gauge shotgun on the back seat. When Carlisle inquired about them, Olds indicated that he carried the gun for his safety. The parties agreed to consummate the transaction, and Carlisle went to get the drugs. Olds was arrested as Carlisle extended his hand to give defendant the drugs. Olds was standing on the passenger side of the automobile, about five feet from it.
 
 
 3
 With respect to the § 924(c)(1) charge, the district court gave the following jury instruction:
 
 
 4
 The phrase "uses or carries a firearm" in Section 924(c)(1) means that the defendant must have had possession or control over, or ready access to a firearm. The government is not required to prove that the defendant was the owner of the firearm.
 
 
 5
 The government also is not required to prove that the defendant had direct, physical control over a firearm, and had it physically on his person, or had it immediately within his reach. Instead, the government can establish that the defendant used or carried a firearm within the meaning of 924(c)(1) if it proves beyond a reasonable doubt that the firearm was readily accessible or available to the defendant.
 
 II.
 
 6
 Section 924(c)(1) provides that "[w]hoever, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such crime ... be sentenced to imprisonment for five years...." In Bailey v. United States, 116 S.Ct. 501 (1995), the Supreme Court defined "use" as "active employment of the firearm," id. at 505, through "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." Id. at 508. Storing guns near drugs or drug proceeds or concealing one for later active use does not constitute "use." Id. at 508-09. On the other hand, "a reference to a firearm calculated to bring about a change in the circumstances of the predicate offense is a 'use.' " Id. at 508.
 
 
 7
 In United States v. Riascos-Suarez, 73 F.3d 616 (6th Cir.1996), petition for cert. filed, (U.S. June 19, 1996) (No. 95-9285), and United States v. Moore, 76 F.3d 111 (6th Cir.1996), this court interpreted the "carry" prong of § 924(c)(1) post-Bailey.[1] To satisfy the "carry" prong, the government must now show "immediate availability and physical transportation." Moore, 76 F.3d at 113 (clarifying holding in Riascos-Suarez ).
 
 
 8
 The jury instruction in the instant case incorrectly stated the law as to both the "use" and "carry" as those terms are used in § 924(c)(1). The definition of "use" is clearly incorrect under Bailey. Cf. Bailey, 116 S.Ct. 501 (rejecting "accessibility and proximity" test because it renders "use" virtually synonymous with "possession" and makes any role for "carry" superfluous). The jury instruction also fails under the "carry" prong by reading "immediacy" out of the requirement, see Moore, 76 F.3d at 113; Riascos-Suarez, 73 F.3d at 623, and by not including "physical transportation" as part of the test. Moore, 76 F.3d at 113.
 
 
 9
 Notwithstanding these frailties, the government urges us to affirm on the grounds that the jury would necessarily have found "use" because it was presented with ample evidence of "active employment" during and relation to a drug trafficking crime. Assuming we could affirm despite the fact that the jury was presented with two legally insufficient theories and no more, cf. United States v. Palazzolo, 71 F.3d 1233, 1235-37 (6th Cir.1995) (noting that Sixth Circuit has affirmed convictions when it can determine from record that jury "necessarily" based a conviction on a valid ground even though instructions also permitted conviction on grounds subsequently held invalid), we still disagree. Although defendant's gun was visible and he referred to it as a protective tool; it was unloaded, Olds was standing five feet from his car when he made the comment, and it appears that Olds would not have even mentioned the gun if Carlisle had not asked. Thus, it cannot be said defendant's statement was necessarily "a reference to a firearm calculated to bring about a change in the circumstances of the predicate offense." Bailey, 116 S.Ct. at 508. See also id. (observing that "[i]f the gun is not disclosed or mentioned by the offender, it is not actively employed, and it is not 'used' ").
 
 
 10
 Nor can we conclude that the jury necessarily would find the "carry" prong satisfied. First of all, the jury instruction does not distinguish between "use" and "carry". Moore, 76 F.3d at 113 (declining to hold that jury would necessarily find carry prong satisfied where jury instruction did not distinguish between "use" and "carry" and definition of "use" was so broad that neither party had reason to focus on factual issues relevant to "carry" prong). See also United States v. Anderson, 89 F.3d 1306, 1315 (6th Cir.1996) (concluding that reaching for hidden gun was sufficiently active employment to constitute use, but declining to affirm defendant's § 924(c) conviction notwithstanding erroneous definition of use where instruction also allowed jury to convict under a facilitation theory rejected in Bailey ). Unlike Riascos-Suarez, the gun in this case was in the back seat, and it was unloaded. See Riascos-Suarez, 73 F.3d at 623 (holding that loaded firearm was immediately available for use where visibly placed in driver's side of console). Cf. United States v. Staples, 85 F.3d 461, 464 (9th Cir.1996) (holding that loaded .40 caliber semiautomatic pistol in glove compartment was "carried" in automobile because within reach and immediately available for use).
 
 
 11
 In sum, as in Moore, because we cannot "find that the jury necessarily based its verdict on conduct that, after Bailey, is still considered criminal, we must vacate the conviction." Moore, 76 F.3d at 112-13 (citations omitted). We therefore VACATE Olds' § 924(c)(1) conviction and REMAND for further proceedings. See id. at 114. Olds' § 846 conviction stands, for the reasons stated in our previous opinion.
 
 
 
 [1]
 Although Bailey v. United States, 116 S.Ct. 501 (1995) limited its holding to the "use" prong, the Supreme Court provided guidance as to the proper interpretation of the "carry" prong. See id. at 509