98 F.3d 1342
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Claude ROLFE; Pamela Rolfe, Petitioners-Appellants,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2225.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1996.
 
 1
 Before: SUHRHEINRICH and MOORE, Circuit Judges; MCKINLEY, District Judge.*
 
 ORDER
 
 2
 Claude and Pamela Rolfe, pro se federal prisoners, appeal a district court order denying their joint motion to vacate, set aside, or correct their sentences filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On January 17, 1992, Pamela pleaded guilty to a one-count information charging her with using a telephone to facilitate a conspiracy to distribute marijuana. The district court sentenced her on May 21, 1992, to 48 months in prison and one year of supervised release. Pamela did not appeal her sentence. Claude pleaded guilty, on January 17, 1992, to nine counts of a superseding indictment charging conspiracy, marijuana distribution, money laundering, illegal use of a telephone, and using or carrying a firearm in relation to a drug trafficking crime; a criminal forfeiture count included in the indictment was not one of the counts to which he pleaded guilty. The district court sentenced Claude on May 21, 1992, to 15 years in prison followed by eight years of supervised release, and imposed a $10,000 fine. Meanwhile, on January 9, 1992, the Rolfes entered into a "Stipulation and Compromise Settlement" regarding the civil forfeiture of numerous items of property. Final orders of forfeiture for various items of personal property were entered on February 10, 1992. Two parcels of real estate had been the subject of an earlier default civil forfeiture judgment. A panel of this court affirmed Claude's conviction on direct appeal. See United States v. Rolfe, 997 F.2d 189 (6th Cir.), cert. denied, 114 S.Ct. 412 (1993).
 
 
 4
 In their present motion to vacate, the Rolfes presented two grounds for relief: (1) their criminal convictions in addition to the civil forfeitures violated the Double Jeopardy Clause of the Fifth Amendment, and (2) the civil forfeitures in addition to Claude's $10,000 fine violated the Excessive Fines Clause of the Eighth Amendment. The district court denied the motion in an opinion and order filed and entered on October 24, 1995. After reciting the chronology of the three civil forfeiture proceedings and the criminal prosecutions, the district court first found that the Rolfes had not established cause and prejudice for their failure to raise their double jeopardy issue on direct appeal and then concluded that, in any event, that issue was meritless.
 
 
 5
 On appeal, the Rolfes argue that the district court erred by: (1) not finding cause where the precedents relied upon had not been decided at the time of their direct appeal period, (2) finding that jeopardy had attached in their criminal convictions prior to attaching in the civil forfeitures, and (3) failing to address Claude's issue arising under the Excessive Fines Clause.
 
 
 6
 Upon review, we affirm the district court's order in part because the Supreme Court has recently foreclosed the Rolfes' double jeopardy argument. However, we vacate the order in part and remand the case so that the district court may address the excessive fines issue and consider whether recent Supreme Court and Sixth Circuit precedent requires review of Clause's conviction for using or carrying a firearm. To warrant relief under 2255, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the petitioners' please. Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993).
 
 
 7
 We first conclude that the Rolfes have established cause for their failure to raise these issues on direct appeal. The appeal period from their May 1992 convictions had run before the cases upon which they rely, which significantly revised the law in this circuit, had been decided. See Callanan v. United States, 881 F.2d 229, 231 (6th Cir.1989), cert. denied, 494 U.S. 1083 (1990). In determining prejudice, the court is required to assume that the petitioner has stated a meritorious claim. See Moore v. Carlton, 74 F.3d 689, 691 (6th Cir.), cert. denied, 116 S.Ct. 1287 (1996). Still, the petitioner must establish that actual prejudice exists and not merely a possibility of prejudice. Id. We conclude that actual prejudice exists in this case.
 
 
 8
 Claude and Pamela both contend that their criminal convictions must be reversed because prior jeopardy had attached in the civil forfeiture of their property pursuant to 21 U.S.C. § 881(a)(6) and (a)(7). Unfortunately for them, the Supreme Court recently decided this issue against them. The Double Jeopardy Clause protects a criminal defendant from multiple prosecutions and from multiple punishments for the same criminal offense. United States v. Dixon, 509 U.S. 688, 696 (1993). The Rolfes assert that the civil forfeitures along with their criminal convictions punished them twice for their drug offenses. However, the Supreme Court has held that "in rem civil forfeitures are neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." United States v. Ursery, 116 S.Ct. 2135, 2149 (1996). Therefore, the double jeopardy argument must fail.
 
 
 9
 Relying on Austin v. United States, 509 U.S. 602 (1993), Claude also argued that the $10,000 fine imposed in addition to the forfeiture of a significant amount of his real and personal property violated the Excessive Fines Clause of the Eighth Amendment. In Austin, the Supreme Court concluded that civil forfeiture does serve to punish the property owner and that the forfeiture provisions of § 881(a)(7) are subject to the limitations of the Excessive Fines Clause. Id. at 621-22. See also United States v. Certain Real Property Located at 11869 Westshore Drive, 70 F.3d 923, 926 (6th Cir.1995); United States v. Real Property Known and Numbered as 429 South Main Street, 52 F.3d 1416, 1421 (6th Cir.1995). The burden is on the petitioner to demonstrate that the seizure was excessive under the Eighth Amendment. 429 South Main Street, 52 F.3d at 1421.
 
 
 10
 Like the Supreme Court in Austin, this court has declined to establish a single analysis for excessiveness to be used in this circuit. See 11869 Westshore Drive, 70 F.3d at 930. Instead, this court reviewed the various tests that have been used by the courts, including the instrumentality, proportionality, and hybrid tests, and concluded that "because of the factually intensive nature of these types of cases," it was inappropriate to establish any one test to be applied in every case. Id. at 927-30. Because the district court did not specifically address Claude's excessive fines issue, we remand Claude's case so that the district ocurt may consider that issue in the first instance.
 
 
 11
 Claude did not challenge, either on direct appeal or in his motion to vacate, his conviction for using or carrying a firearm during and in relation to a drug trafficking offense under 18 U.S.C. 924(c)(1). Such a challenge would have been futile at those times because this circuit, like others, employed a broad "proximity and accessibility" standard to analyze such convictions. See, e.g., United States v. Critton, 43 F.3d 1089, 1096 (6th Cir.), cert. denied, 115 S.Ct. 1987 and 2004 (1995). However, since the present 2255 motion was filed, the Supreme Court issued its opinion in Bailey v. United States, 116 S.Ct. 501 (1995), which "endorsed a narrower definition of 'use' of a firearm than this circuit had previously applied." United States v. Moore, 76 F.3d 111, 112 (6th Cir.1996) (opinion on rehearing). Moreover, in light of Bailey, this court also revised its definition of 'carry' as used in 924(c)(1). Id. at 113. Because the broader definition of "use or carry" employed at the time may well have influenced Claude's decision to plead guilty to the firearm count, we raise this issue sua sponte.
 
 
 12
 In Bailey, the Supreme Court held that 'use,' as found in 924(c)(1), "must connote more than mere possession of a firearm by a person who commits a drug offense.... We conclude that the language, context, and history of 924(c)(1) indicate that the Government must show active employment of the firearm." Bailey, 116 S.Ct. at 506. In a subsequent case, this court addressed the meaning of 'carry' in light of Bailey and concluded that to be convicted of "carrying" a weapon, a defendant must do more than possess or store the weapon; the defendant must also transport the weapon during and in relation to his drug trafficking crime. Moore, 76 F.3d at 113.
 
 
 13
 During his plea proceeding, the district court elicited a factual basis for each count to which Claude wished to plead guilty, as required by Fed.R.Crim.P. 11(f). The factual basis as to Count 14, the firearm count, merely established that Claude had loaded firearms in his home at the same time some of his drug transactions were being negotiated. Under this circuit's "fortress theory" of use as set forth in United States v. Henry, 878 F.2d 937, 944 (6th Cir.1989), Claude's answers provided a sufficient factual basis for accepting his guilty plea to the firearm count. However, under Bailey and Moore, they no longer provide facts sufficient to support Claude's conviction under § 924(c)(1). Therefore, upon remand, the district court should also consider whether Claude's conviction for using or carrying a firearm during and in relation to a drug trafficking crime may stand. See Moore, 76 F.3d at 114.
 
 
 14
 Accordingly, the district court's order is affirmed as to the double jeopardy issue raised by Claude and Pamela Rolfe. The order is vacated insofar as it dismisses Claude's motion in its entirety and the case is remanded so that the district court may address Claude's issue arising under the Excessive Fines Clause and the continued viability of his conviction under 18 U.S.C. § 924(c)(1). Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western District of Kentucky, sitting by designation