99 F.3d 1139
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Keith RODGERS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1272.
 United States Court of Appeals, Sixth Circuit.
 Oct. 22, 1996.
 
 E.D.Mich., No. 96-70066; Anna Diggs Taylor, Judge.
 E.D.Mich.
 VACATED.
 Before: MERRITT, COLE, and GODBOLD*, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Keith Rodgers pleaded guilty to possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1), use and possession of a firearm in a drug trafficking crime in violation of 18 U.S.C. § 924(c), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Rodgers to 106 months in prison and six years of supervised release. His sentence included a consecutive 60-month term of imprisonment on the § 924(c) conviction. Rodgers did not appeal.
 
 
 3
 In his motion to vacate judgment, Rodgers claimed that his conviction for using and carrying a firearm should be set aside in light of the Supreme Court's decision in Bailey v. United States, 116 S.Ct. 501 (1995), claiming that the evidence was insufficient to support his conviction under § 924(c). The district court denied the motion to vacate sentence, concluding that sufficient evidence existed to establish that Rodgers "used" and "carried" a firearm in relation to a drug offense. Rodgers appeals that judgment.
 
 
 4
 In his timely appeal, Rodgers reasserts the claim he set forth in the district court.
 
 
 5
 In order to obtain relief under § 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam) (applying Brecht to § 2255 motion to vacate). The court renders de novo review of decisions granting or denying relief under 28 U.S.C. § 2255, and reviews a district court's findings of fact for clear error. Cardinal v. United States, 954 F.2d 359, 362 (6th Cir.1992).
 
 
 6
 Although Rodgers did not raise his § 924(c) claim on direct criminal appeal, he is not barred from seeking relief on that claim. A claim that could have been but was not raised on direct appeal may not be reviewed under § 2255 unless Rodgers demonstrates cause and actual prejudice to excuse his failure to do so. See United States v. Frady, 456 U.S. 152, 167-69 (1982), cert. denied, 494 U.S. 1083 (1990).
 
 
 7
 Cause and prejudice exist in this case. Cause exists because Rodgers's § 924(c) claim relies on a significant, intervening change in the law. See Callanan v. United States, 881 F.2d 229, 231 (6th Cir.1989), cert. denied, 494 U.S. 1083 (1990). In determining prejudice, the court is required to assume that the petitioner has stated a meritorious constitutional claim. See Moore v. Carlton, 74 F.3d 689, 691 (6th Cir.), cert. denied, 116 S.Ct. 1287 (1996); Maupin v. Smith, 785 F.2d 135, 139 (6th Cir.1986). Still, the petitioner must establish that actual prejudice exists and not merely a possibility of prejudice. Moore, 74 F.3d at 691; Maupin, 785 F.2d at 139. Rodgers has established that actual prejudice exists in this case. The Supreme Court redefined the sufficiency of the evidence necessary for a § 924(c) firearm conviction and thus altered the elements the government must prove to establish such a conviction. See Bailey, 116 S.Ct. at 506-08. Consequently, because a criminal defendant cannot be convicted unless all the elements of his crime are supported by sufficient evidence, Jackson v. Virginia, 443 U.S. 307, 324 (1979), Rodgers has established adequate prejudice to his case to justify review of his claim. See Moore, 74 F.3d at 692; Maupin, 785 F.2d at 139-40.
 
 
 8
 Bailey applies retroactively to Rodgers's case. In Callanan, 881 F.2d at 231-32, this court retroactively applied the Supreme Court's decision in McNally v. United States, 483 U.S. 350 (1987), which repudiated the intangible rights theory of conviction for mail fraud, to two final convictions challenged in motions to vacate filed under 28 U.S.C. § 2255. Since the case involved a new interpretation of substantive criminal law and the defendants were being punished for an act no longer considered criminal, the court concluded that the new rule of law must be applied retroactively in postconviction proceedings. Callanan, 881 F.2d at 231-32. The court also noted that the Supreme Court's decision in Teague v. Lane, 489 U.S. 288 (1989), did not affect this conclusion because Teague addressed only the retroactivity of new constitutional rules of criminal procedure. Callanan, 881 F.2d at 232 n. 1. Since the Bailey decision provided a new interpretation of substantive criminal law, it applies retroactively because Rodgers is now being punished for an act that may no longer be considered illegal.
 
 
 9
 Upon review, we conclude that the district court improperly denied Rodgers's motion to vacate. In Bailey, 116 S.Ct. at 506-07, the Supreme Court concluded that § 924(c) requires evidence sufficient to show that the defendant actively employed a firearm, using it as an operative factor in relation to the predicate offense. While "use" of the firearm includes brandishing, displaying, bartering, striking with, and firing, it does not encompass the "inert presence" of a firearm, which may be available for intimidation, attack, or defense. Id. at 508. Thus, the mere possession of a firearm by a drug dealer is insufficient for "use" under the statute and the storing of a firearm near drugs or drug proceeds, without a more active employment of the firearm, is not reasonably distinguishable from possession. Id.
 
 
 10
 The facts as analyzed by the district court are insufficient to support Rodgers's conviction for "using" a firearm in relation to a drug trafficking offense. Law enforcement officers executed a search warrant at Rodgers's residence. When they entered the house, they found Rodgers, his girlfriend and her brother standing in the basement of the residence. All three were standing near a bar. Approximately ninety grams of heroin rested on the bar's counter. Above the bar, the officers noticed missing ceiling tiles. They found a loaded machine pistol and a loaded semi-automatic pistol in the area where the ceiling tiles were missing. The officers also found an unloaded revolver in the basement. Rodgers admits that "several" weapons found throughout the house were in plain view and "directly accessible" to him. Still, one does not "actively employ" a firearm where one conceals a gun nearby at the ready for immediate confrontation. Bailey, 116 S.Ct. at 508. Accord United States v. Bingham, 81 F.3d 617, 624 (6th Cir.1996).
 
 
 11
 The district court held that since several of the weapons found in Rodgers's home were in open view, the weapons were "displayed" in such a way that they were actively employed in the drug transaction. However, "storing a gun near drugs or drug proceeds or secreting one for possible future employment does not constitute 'use'." United States v. Moore, 76 F.3d 111, 112 (6th Cir.1996) (opinion on rehearing), citing Bailey, 112 S.Ct. at 508-09. In fact, Rodgers was standing in the basement with his girlfriend and her brother when the police found him. It is difficult to imagine how a firearm might be actively employed in the company of one's girlfriend and her brother. Under these circumstances, it is incredulous to conclude that Rodgers employed a gun as an operative factor in a drug transaction with his close friends. In addition, Rodgers offered no resistance when arrested. Therefore, the facts as analyzed by the district court are insufficient to show that Rodgers used a firearm merely by having one or more guns in plain view and readily accessible to him during a drug transaction.
 
 
 12
 The district court also improperly concluded that Rodgers "carried" a firearm in relation to a drug offense. The district court analyzed this court's decision in United States v. Riascos-Suarez, 73 F.3d 616, 623 (6th Cir.1996), and held that inasmuch as the weapons in Rodgers's home may have been immediately accessible to him, the weapons were "carried" because of their immediate availability. In Riascos-Suarez, immediate availability of the gun to the appellant was a key factor. In United States v. Moore, 76 F.3d 111, 113 (6th Cir.1996), however, this court clarified its holding in Riascos-Suarez, and held that immediate availability is a necessary, but not sufficient, determinant. In addition to immediate availability, the evidence must establish that the criminal defendant physically transported the weapon. Id.
 
 
 13
 In this case, the district court erred by relying on the mere immediate availability of a gun for two reasons. First, it is not clear that the weapons displayed in Rodgers's basement during a drug transaction were "immediately available for use." At best, Rodgers admits that the displayed weapons were "directly accessible to Movant." The weapons may have been "immediately available," but the evidence as analyzed by the district court is insufficient to establish this fact, and Rodgers's admission falls short of providing sufficient evidence that the weapons were immediately within his reach and available for use. Second, the district court did not consider whether Rodgers physically transported the weapons in relation to a drug trafficking offense. In this regard, the government merely contends that the district court could infer that Rodgers had carried the firearms. This court's decision in Moore clearly refutes the contention that a district court may infer that a criminal defendant physically transported a weapon in relation to drug trafficking. See 76 F.3d at 113.
 
 
 14
 Accordingly, the district court's judgment is hereby vacated, and the case is remanded to the district court for further proceedings, in which both parties can have the opportunity to focus on the facts and law as herein explained and as is relevant to proving that Rodgers used or carried a firearm during and in relation to his drug trafficking offense. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation