103 F.3d 129
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carlos Omar DEMPSEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-3335.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1996.
 
 1
 Before: KENNEDY and BATCHELDER, Circuit Judges; EDGAR, District Judge.*
 
 ORDER
 
 2
 Carlos Omar Dempsey, proceeding pro se, appeals a district court's judgment denying his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In September 1990, Dempsey pleaded guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm during commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). He was sentenced to 192 months of imprisonment. Dempsey did not appeal his conviction or sentence.
 
 
 4
 In his motion to vacate, Dempsey argued that insufficient evidence existed to support his § 924(c) conviction for "using" and "carrying" a firearm in relation to a drug trafficking offense. Upon review, the district court determined that sufficient evidence existed to conclude that Dempsey had "carried" a weapon in violation of § 924(c), and it denied his motion as without merit.
 
 
 5
 Dempsey has filed a timely appeal, reasserting his same claim.
 
 
 6
 Upon review, we conclude that the district court properly denied Dempsey's motion to vacate his sentence. The record simply does not reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994).
 
 
 7
 We initially note that, although Dempsey did not raise this claim on direct appeal, he is not barred from seeking relief on this claim. A claim that could have been but was not raised on direct appeal may not be reviewed under § 2255 unless Dempsey demonstrates cause and prejudice to excuse his failure to do so. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993).
 
 
 8
 Cause and prejudice exist in this case. Cause exists because Dempsey's § 924(c) claim relies on a significant, intervening change in the law. See Callanan v. United States, 881 F.2d 229, 231 (6th Cir.1989), cert. denied, 494 U.S. 1083 (1990). In determining prejudice, the court is required to assume that the petitioner has stated a meritorious constitutional claim. See Moore v. Carlton, 74 F.3d 689, 691 (6th Cir.), cert. denied, 116 S.Ct. 1287 (1996); Maupin v. Smith, 785 F.2d 135, 139 (6th Cir.1986). Still, the petitioner must establish that actual prejudice exists and not merely a possibility of prejudice. Moore, 74 F.3d at 691. Dempsey has established that actual prejudice exists in this case. The Supreme Court redefined the sufficiency of the evidence necessary for a § 924(c) firearm conviction and thus altered the elements the government must prove to obtain such a conviction. See Bailey v. United States, 116 S.Ct. 501, 506-08 (1995). Consequently, because a criminal defendant cannot be convicted unless all the elements of his crime are supported by sufficient evidence, Jackson v. Virginia, 443 U.S. 307, 324 (1979), Dempsey has established adequate prejudice to his case to justify review of his claim. See Moore, 74 F.3d at 692.
 
 
 9
 Sufficient evidence does not exist to support Dempsey's § 924(c) conviction for "using" a firearm. In Bailey, 116 S.Ct. at 506-07, the Supreme Court concluded that § 924(c) requires evidence sufficient to establish that a defendant actively employed a firearm, using it as an operative factor in relation to the predicate offense. While "use" of the firearm includes brandishing, displaying, bartering, striking with, and firing, it does not encompass the "inert presence" of a firearm, which may be available for intimidation, attack, or defense. Id. at 508. Consequently, the mere possession of a firearm by a drug vendor is insufficient for "use" under the statute and the storing of a firearm near drugs or proceeds, without its more active employment, is not reasonably distinguishable from possession. Id.
 
 
 10
 In light of Bailey, the facts underlying Dempsey's case are now insufficient to support his conviction for "using" a firearm in relation to a drug trafficking offense. Here, the record reflects that police officers observed Dempsey driving from various hotels, and that a check of the car's license plate indicated that the plate had not been issued to that vehicle. Thereafter, the police approached Dempsey, observed that he was carrying a gun in his belt and arrested him. The following day, the police found 82 grams of cocaine inside a can hidden underneath Dempsey's passenger seat. However, no evidence exists that Dempsey actively employed the firearm and his mere possession of the firearm is insufficient to support a conviction for "using" the firearm under § 924(c). Id. at 506-08.
 
 
 11
 Further, Bailey applies retroactively to Dempsey's case. In Callanan, 881 F.2d at 231-32, this court retroactively applied the Supreme Court's decision in McNally v. United States, 483 U.S. 350 (1987), which repudiated the intangible rights theory of conviction for mail fraud, to two final convictions challenged in motions to vacate filed under 28 U.S.C. § 2255. Since the case involved a new interpretation of substantive criminal law and the defendants were being punished for an act no longer considered criminal, "the new rule of law must be applied retroactively in postconviction proceedings." Callanan, 881 F.2d at 231-32. The court also noted that the Supreme Court's decision in Teague v. Lane, 489 U.S. 288 (1989), did not affect this conclusion because Teague addressed only the retroactivity of new constitutional rules of criminal procedure. Callanan, 881 F.2d at 232 n. 1. Since the Bailey decision provided a new interpretation of substantive criminal law, it applies retroactively because Dempsey is now being punished for an act that may no longer be considered criminal.
 
 
 12
 Nonetheless, the district court properly concluded that the evidence was sufficient to support Dempsey's conviction for "carrying" a firearm in relation to a drug offense. In order for a defendant to be convicted of "carrying" a gun in violation of § 924(c), "the firearm must be immediately available for use--on the defendant or within his or her reach." United States v. Riascos-Suarez, 73 F.3d 616, 623 (6th Cir.1996), petition for cert. filed, (U.S. June 11, 1996) (No. 95-9285). A defendant "carries" a firearm under § 924(c) when he physically transports the weapon in relation to a drug offense. United States v. Moore, 76 F.3d 111, 113 (6th Cir.1996). The evidence in this case was clearly sufficient to support Dempsey's § 924(c) conviction. Dempsey does not dispute that the police officers found him in possession of a firearm and approximately 82 grams of cocaine (which was found under the driver's seat of his car). This evidence, in addition to Dempsey's act of travelling to various hotels, provides a sufficient basis to conclude that he carried the weapon during and in relation to a drug trafficking offense.
 
 
 13
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation