108 F.3d 1377
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John J. MIZEN, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-3478.
 United States Court of Appeals, Sixth Circuit.
 March 13, 1997.
 
 N.D.Ohio, No. 95-07756; Don J. Young, Judge.
 N.D.Ohio
 VACATED.
 Before: JONES, SUHRHEINRICH, and SILER, Circuit Judges.
 
 ORDER
 
 1
 John J. Mizen, Jr., a federal prisoner proceeding pro se, appeals a district court order and judgment denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Mizen pleaded guilty in October 1992 to one count of possessing marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and one count of using or carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). The district court sentenced him on January 5, 1993, to 63 months in prison on the drug count and 60 months, to run consecutively, on the firearm count. Mizen did not appeal.
 
 
 3
 In his motion to vacate, Mizen raised the sole issue of whether the evidence was sufficient to support his conviction for using or carrying a firearm in light of recent case law. In an order filed on April 8, 1996, the district court denied the motion without a hearing on the basis of testimony presented during Mizen's detention hearing that Mizen had reached "over the sofa" toward a gun lying on an end table when law enforcement officers entered the room. A separate judgment was filed on April 11 and entered on April 12, 1996.
 
 
 4
 On appeal, Mizen continues to argue the merits of his ground for relief. He has filed a motion for in forma pauperis status on appeal and a "complaint for injunction" which, in effect, seeks the same result.
 
 
 5
 Upon careful consideration we vacate the district court's judgment. In order to warrant relief under § 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam) (applying Brecht to a § 2255 motion to vacate). The court reviews de novo a district court's decision granting or denying relief under § 2255, and reviews the district court's findings of fact for clear error. Cardinal v. United States, 954 F.2d 359, 362 (6th Cir.1992). While this is a close case, we remand for an evidentiary hearing because the record before the court does not conclusively show that Mizen is not entitled to relief. See Rule 4, Rules Governing § 2255 Proceedings; United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 508 U.S. 943 (1993).
 
 
 6
 Because Mizen did not raise this issue in a direct appeal, he must demonstrate cause and actual prejudice to excuse his failure to do so before the issue may even be considered on its merits. See United States v. Frady, 456 U.S. 152, 167-69 (1982). Cause and prejudice exist in this case. Mizen's § 924(c) claim relies on a significant, intervening change in the law. See Callanan v. United States, 881 F.2d 229, 231 (6th Cir.1989), cert. denied, 494 U.S. 1083 (1990). It is unclear from the record on appeal that Mizen actually reached for a gun. If he did not, then insufficient evidence existed to convict Mizen of using or carrying a firearm in relation to a drug trafficking crime. Because a criminal defendant cannot be convicted unless all the elements of his crime are supported by sufficient evidence, Jackson v. Virginia, 443 U.S. 307, 324 (1979), Mizen has raised a facially valid challenge to his conviction that establishes adequate prejudice to his case to justify review of his claim.
 
 
 7
 Unfortunately, the facts as presented in the record come from only one source: Mizen's detention hearings. It is unknown whether Mizen even testified at these hearings which, unlike a trial, permitted hearsay testimony. Interestingly, the plea agreement mentions a stipulation of facts, which the government neither includes in the record nor cites. Nor is the factual summary from the presentence investigation report provided in the record on appeal. Finally, we note the absence of a transcript of Mizen's plea proceeding which would contain the factual basis upon which the district court relied in accepting Mizen's guilty plea.
 
 
 8
 According to the detention hearing testimony of two law enforcement agents, a search pursuant to a warrant was executed upon Mizen's residence, as well as a detached barn with an apartment also located on the property. Mizen and his two codefendants were found in the apartment. Guns were found in the main residence and the apartment, while drugs were found in all three locations. The .32 caliber semi-automatic pistol, described in count 4 to which Mizen pleaded guilty, was loaded and on an end table beside a sofa in the apartment; Mizen was on the sofa when the search team entered. Only Special Agent Moffitt saw what happened next. He testified that the officers knocked and announced their presence whereupon someone inside opened the door. Moffitt, armed with a Colt 9mm submachine gun, grabbed that individual and pulled him out of the way. He then pushed another individual out of the way and saw Mizen on the sofa. Moffitt continued:
 
 
 9
 At this point Mizen was turned around looking towards me and with his right hand he was reaching towards, over the couch. I immediately drew my weapon and ordered him to freeze, which he did so. At the end of the couch on an end table was a ... .32 caliber blue steel pistol which was loaded.
 
 
 10
 (J.App. at 61, emphases added).
 
 
 11
 In an affidavit, sworn under penalty of perjury, Mizen counters that the emphasized portion of Moffitt's testimony quoted above supports his assertion that he was not reaching toward the end table for the gun, but rather toward the back of the sofa to help him stand up as ordered by an officer. Mizen weighed approximately 300 pounds at the time. He further claimed in his affidavit that one of the officers present videotaped the entire incident and that the tape would demonstrate that he did not reach for a firearm at any time. Mizen also stated that a named U.S. Marshal told him the marshal knew that he had not reached for a firearm.
 
 
 12
 At the time of Mizen's guilty plea and conviction, this circuit employed a broad "proximity and accessibility" standard to analyze convictions under § 924(c)(1). See, e.g., United States v. Critton, 43 F.3d 1089, 1096 (6th Cir.), cert. denied, 115 S.Ct. 1987 and 2004 (1995). However, since then the Supreme Court decided Bailey v. United States, 116 S.Ct. 501 (1995), which "endorsed a narrower definition of 'use' of a firearm than this circuit had previously applied." United States v. Moore, 76 F.3d 111, 112 (6th Cir.1996) (opinion on rehearing). Moreover, in light of Bailey, this court also revised its definition of "carry" as used in § 924(c)(1). Id. at 113.
 
 
 13
 In Bailey, the Supreme Court held that "use" as found in § 924(c)(1), "must connote more than mere possession of a firearm by a person who commits a drug offense.... We conclude that the language, context, and history of § 924(c)(1) indicate that the Government must show active employment of the firearm." Bailey, 116 S.Ct. at 506; see also Moore, 76 F.3d at 112. The Court specifically explained that the situation "where an offender conceals a gun nearby to be at the ready for an imminent confrontation" does not constitute active employment. Id. at 508; see also United States v. Bingham, 81 F.3d 617, 624 (6th Cir.), cert. denied, 117 S.Ct. 250 (1996). However, this court has determined that reaching for a gun may, indeed, constitute active use. United States v. Anderson, 89 F.3d 1306, 1315 (6th Cir.1996). This court also recently addressed the meaning of "carry" in light of Bailey and concluded that to be convicted of carrying a weapon, a defendant must do more than possess or store the weapon; he must also transport the weapon in relation to his drug trafficking crime. Moore, 76 F.3d at 113.
 
 
 14
 If the record in this case clearly indicated that Mizen was reaching for the loaded gun upon the officers' entry into the apartment, then the evidence would be sufficient, under Bailey and Anderson, to convict him of using a firearm in relation to a drug crime. (Because there is no evidence that Mizen had transported the gun, the evidence is insufficient to support a conviction under the "carry" prong.) However, in light of Mizen's affidavit, we are unconvinced that the sketchy testimony showing Mizen reaching over the sofa clearly demonstrates that Mizen is guilty of active employment of a firearm. We, therefore, vacate the district court's judgment and remand the case for an evidentiary hearing which should include any videotape of the incident which may exist. If the district court determines that Mizen's § 924(c) conviction should be reversed, it remains free to consider whether a two-level enhancement for possessing a firearm during a drug trafficking offense should be applied. See United States v. Welch, 97 F.3d 142, 150 (6th Cir.1996).
 
 
 15
 Accordingly, because Mizen's challenge to his § 924(c) conviction is facially adequate, the district court's judgment is vacated and the case remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit. Mizen has paid the required filing fee; therefore the motion for pauper status on appeal is denied as moot.