954 F.2d 724
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Curtis Darryl JENKINS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-2004.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1992.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Curtis Darryl Jenkins, a pro se federal prisoner, appeals the district court's denial of his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a plea agreement, Jenkins entered a plea of guilty to possession with intent to distribute crack cocaine and the use of a firearm during drug trafficking. He was sentenced to serve seventy-eight (78) months on the crack cocaine charge and a sixty (60) month consecutive term on the firearm charge.
 
 
 3
 On April 1, 1991, Jenkins filed a notice of appeal with this court which was dismissed for want of prosecution. On April 4, 1991, he filed a § 2255 motion asking the district court to vacate sentence on the ground that he should have been given a "lesser sentence." He essentially alleged that in sentencing him, the district court should have departed below the applicable sentencing guideline range.
 
 
 4
 The district court found that his claim was meritless and denied his § 2255 motion. Jenkins filed a motion for reconsideration at which time he raised for the first time two new issues: invalidity of his guilty plea due to mental incompetency and ineffectiveness of his counsel's representation because of failure to request a competency evaluation. The district court denied the motion for reconsideration, finding Jenkins had not demonstrated any defect which misled the court and, if corrected, would change the court's disposition of the matter. Jenkins then filed a second motion for reconsideration and a timely notice of appeal. His second motion for reconsideration was denied by the district court.
 
 
 5
 On appeal, Jenkins argues that he did not understand the consequences of his guilty plea because of mental incompetency and that his counsel's representation was ineffective. He also requests the appointment of counsel. Both parties have filed briefs. Upon review, we affirm the district court's judgment.
 
 
 6
 Jenkin's claim that he is entitled to a lesser sentence than that given by the district court has been abandoned on appeal and is therefore not reviewable by this court. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 7
 Jenkins is barred from asserting the claims of mental incompetency and ineffective assistance of counsel because he did not raise them in his direct appeal, and he has not shown cause for his failure to do so and prejudice resulting from that failure. See United States v. Frady, 456 U.S. 152, 167-69 (1982); United States v. Walsh, 733 F.2d 31 (6th Cir.1984).
 
 
 8
 Accordingly, Jenkins's request for appointment of counsel is denied and the judgment of the district court is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.