103 F.3d 129
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Curtis D. JENKINS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1809.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1996.
 
 E.D.Mich., No. 95-70496; Barbara K. Hackett, Judge.
 E.D.Mich. [Amending 94 F.3d 644].
 VACATED.
 Before: KENNEDY, WELLFORD, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Upon consideration, the court hereby grants Jenkins's motion for clarification and amends the last sentence of its August 12, 1996, order to read as follows:
 
 
 2
 "We note that the district court may wish to consider whether it is appropriate to resentence Jenkins under USSG §§ 2K2.1(b)(5) or 2D1.1(b)(1) if it determines that his conviction under 18 U.S.C. § 924(c) is invalid in light of the Supreme Court's decision in Bailey."
 
 
 3
 An amended order incorporating this change is attached.
 
 AMENDED ORDER
 
 4
 Curtis D. Jenkins appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 In 1990, Jenkins pleaded guilty to possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and using a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c). The district court sentenced Jenkins to 138 months of imprisonment and five years of supervised release. Jenkins's subsequent appeal was dismissed for want of prosecution.
 
 
 6
 Jenkins then filed a motion to vacate sentence under 28 U.S.C. § 2255, alleging that he received an excessive sentence. The district court denied the motion as meritless. This court affirmed that determination on appeal. Jenkins v. United States, No. 91-2004, 1992 WL 19962 (6th Cir. Feb. 6, 1992).
 
 
 7
 In 1993, Jenkins filed another § 2255 motion, which the district court denied as an abuse of the writ. Jenkins did not appeal the denial of this motion.
 
 
 8
 In 1995, Jenkins filed his third § 2255 motion, alleging that: 1) insufficient evidence existed to support his § 924(c) firearm conviction; and 2) his counsel rendered ineffective assistance by not filing a timely direct criminal appeal. The district court denied Jenkins's motion as an abuse of the writ. Jenkins has filed a timely appeal from this decision.
 
 
 9
 Upon review, we conclude that the district court improperly denied Jenkins's motion to vacate sentence. In order to obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the petitioner's guilty plea. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam).
 
 
 10
 We initially note that, although Jenkins did not raise his § 924(c) claim in a direct criminal appeal or in his previous motions to vacate, he is not barred from seeking relief for that claim. A claim that could have been but was not raised on direct appeal may not be reviewed under § 2255 unless Jenkins demonstrates cause and actual prejudice to excuse his failure to do so. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). A motion to vacate may also be denied as an abuse of the writ if the petitioner had a prior opportunity to raise his claim and he either deliberately abandoned his claim or, by inexcusable neglect, did not raise that claim at the prior opportunity. McCleskey v. Zant, 499 U.S. 467, 489-90 (1991) (§ 2254 petition for writ of habeas corpus); Peltier v. Henman, 997 F.2d 461, 473 (8th Cir.1993) (applying McCleskey to § 2255 motion to vacate). Nonetheless, the court may review an abusive claim if the petitioner can demonstrate cause and prejudice to excuse the failure to raise the claim at the earlier opportunity. McCleskey, 499 U.S. at 493-94.
 
 
 11
 Cause and prejudice exist in this case. While Jenkins's ineffective assistance claim attempts to establish cause for not raising his § 924(c) issue on direct appeal, it is unnecessary to consider the merits of this assertion. Cause exists in this case because Jenkins's § 924(c) claim relies on a significant, intervening change in the law. See Callanan v. United States, 881 F.2d 229, 231 (6th Cir.1989) (intervening change in law constitutes cause), cert. denied, 494 U.S. 1083 (1990). In determining prejudice, the court is required to assume that the petitioner has stated a meritorious constitutional claim. See Moore v. Carlton, 74 F.3d 689, 691 (6th Cir.), cert. denied, 116 S.Ct. 1287 (1996); Maupin v. Smith, 785 F.2d 135, 139 (6th Cir.1986). Still, the petitioner must establish that actual prejudice exists and not merely a possibility of prejudice. Moore, 74 F.3d at 691; Maupin, 785 F.2d at 139. Jenkins has done so in this case. While the case was pending on appeal, the Supreme Court redefined the sufficiency of the evidence necessary for a § 924(c) firearm conviction and thus altered the elements the government must prove to establish such a conviction. See Bailey v. United States, 116 S.Ct. 501, 506-08 (1995). Consequently, because a defendant cannot be convicted unless all the elements of his crime are supported by sufficient evidence, Jackson v. Virginia, 443 U.S. 307, 324 (1979), Jenkins has established adequate prejudice to his case to justify review of his claim. See Moore, 74 F.3d at 692; Maupin, 785 F.2d at 139-40.
 
 
 12
 Bailey dictates that this case must be remanded to the district court for further consideration of Jenkins's sufficiency of the evidence claim. In Bailey, 116 S.Ct. at 506-07, the Supreme Court concluded that § 924(c) requires evidence sufficient to show that the defendant actively employed a firearm, using it as an operative factor in relation to the predicate offense. While "use" of the firearm includes brandishing, displaying, bartering, striking with, and firing, it does not encompass the "inert presence" of a firearm, which may be available for intimidation, attack, or defense. Id. at 508. Consequently, the mere possession of a firearm by a drug vender is insufficient for "use" under the statute and the storing of a firearm near drugs or drug proceeds, without its more active employment, is not reasonably distinguishable from possession. Id.
 
 
 13
 From the record on appeal, we are unable to determine whether sufficient evidence exists to support Jenkins's § 924(c) conviction. As the government and the district court relied on Jenkins's abuse of the writ, the facts underlying Jenkins's § 924(c) conviction are not thoroughly set forth. Since the record is inadequate to accurately evaluate Jenkins's § 924(c) claim, the case must be returned to the district court for further consideration of this claim.
 
 
 14
 Lastly, we note that Bailey applies retroactively to Jenkins's case. In Callanan, 881 F.2d at 231, this court retroactively applied the Supreme Court's decision in McNally v. United States, 483 U.S. 350 (1987), which repudiated the intangible rights theory of conviction for mail fraud, to two final convictions challenged in motions to vacate filed under 28 U.S.C. § 2255. Since the case involved a new interpretation of substantive criminal law and the defendants were now being punished for an act no longer considered criminal, "the new rule of law must be applied retroactively in postconviction proceedings." Callanan, 881 F.2d at 231-32. As the Bailey decision provided a new interpretation of substantive criminal law, it applies retroactively because Jenkins is now being punished for an act that may no longer be considered criminal.
 
 
 15
 Accordingly, we vacate the district court's judgment and remand the case for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit. We note that the district court may wish to consider whether it is appropriate to resentence Jenkins under USSG §§ 2K2.1(b)(5) or 2D1.1(b)(1) if it determines that his conviction under 18 U.S.C. § 924(c) is invalid in light of the Supreme Court's decision in Bailey.